## Warren Springer v. Vincent Bowerman.

1. MECHANICS' LIENS—*Act of 1895 Does Not Apply to Contracts Previously Entered Into.*—The mechanic's lien act of 1895 does not govern mechanic's lien cases arising out of contracts entered into prior to its passage, where the provisions of the act affect the substantial then existing rights of the parties.

2. SAME—*Where Contract is Made with a Third Party.*—In the absence of fraud, a contract under seal with one person is conclusive against any right to a mechanic's lien on the interest of another person in property improved under the provisions of the contract.

Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed April 18, 1898.

W. N. Gemmill, attorney for appellant.

John T. Donahoe, attorney for appellee.

Mr. Justice Sears delivered the opinion of the Court.
This is a suit to enforce a mechanic's lien.

On the 22d day of June, 1895, the A. Campbell Building Co. entered into a contract with Dewitt P. Hubbard to excavate premises in question. The contract was under seal. Afterward the time of performance was changed, by agreement in writing not under seal. The Campbell Company employed appellee as sub-contractor to excavate. Appellant was owner, but was negotiating a ninety-nine year lease to Hubbard. No lease had been delivered to Hubbard and none was thereafter delivered.

The trial court sustained the petition of appellee, and decreed a lien in favor of appellee upon the interest of appellant.

In order to determine the right of appellee to a lien upon appellant's interest, it becomes necessary to decide whether this contract, entered into under seal upon June 22, 1895, is governed by the statute then in force or by the statute afterward enacted and in force upon June 26, 1895. The decision in The Andrews & Johnson Co. v. Atwood, 167 Ill. 249, disposes of this question. The same question, as to which statute providing for mechanic's liens should govern, the one in force at the time of the making of the contract or the statute of June 26, 1895, in force before the contract was performed, arose in that case. The court, holding that the statute in force at the time the contract was executed, entered into and formed a part of the contract, said: "It has been suggested that the change in the statute was a mere change in remedy, in which appellee had no vested interest. We do not concur in that view. The change in the law, as said before, if applied to the contract in question, affected the substantial rights of the parties." It is, therefore, the statute in force on June 22, 1895, which governs here.

That appellee was a sub-contractor is undisputed. He gave notice of his claim of lien in October, 1895. In September the original contractor, The Campbell Co., under which appellee was employed as sub-contractor, abandoned its contract. There is no evidence from which it can be determined what balance was due to The Campbell Co. at the date of the notice by appellee. There is no evidence that any further sum became due it after that date. The evidence fails to show what, if any, damage was sustained by the owner by reason of the abandonment of the contract by The Campbell Co. Section 45 of the act, as in force on June 22, 1895, provides the remedy of the sub-contractor in case the original contractor shall fail to complete his contract. This suit was not brought under that section, nor can relief be granted upon the petition and proofs here as therein provided. Whether appellee can hold the interest of Springer, appellant, for any lien which he may be able to establish under that section, will depend upon the facts as to the relation of Springer to Hubbard, as they may be disclosed upon the trial. In the absence of fraud, the contract under seal with Hubbard would be conclusive against any right to a lien upon the interest of Springer. Campbell v. Jacobson, 145 Ill. 389; Walsh v. Murphy, 167 Ill. 228.

The decree is reversed and the cause remanded.