IRVING W. KELLEY *et al.* Plaintiffs in Error, *vs.* WARREN SPRINGER, Defendant in Error.—JOHN MCNICHOLAS *et al.* Plaintiffs in Error, *vs.* WILLIAM H. TINSLER, Defendant in Error.—A. CAMPBELL *et al.* Plaintiffs in Error, *vs.* WARREN SPRINGER, Defendant in Error.

*Opinion filed June 18, 1908—Rehearing denied October 7, 1908.*

1. MECHANIC'S LIEN—*when lien cannot be enforced against the fee.* An owner of the fee who leases the ground and contracts with the lessee to erect a building, and who subsequently acquires the leasehold by forfeiture, occupies the position of a purchaser or holder of an encumbrance, within the meaning of section 28 of the Mechanic's Lien law as it existed prior to 1895, as against persons contracting solely with the lessee; and such persons cannot enforce a lien against the fee if they have failed to file a claim for lien within the time fixed by section 4 of such act. (*Crandall* v. *Sorg,* 198 Ill. 48, distinguished.)

2. SAME—*failure to file claim or bring suit within time limited by section 7 of act of 1895 bars lien.* No mechanic's lien can be enforced, even as against the owner of the property, unless a claim for lien was filed or a suit begun to enforce the lien within four months after the last payment fell due, as required by section 7 of the Mechanic's Lien act of 1895. (*Bloomington Hotel Co.* v. *Garthwait,* 227 Ill. 613, followed.)

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

J. A. COLEMAN, (ARBA N. WATERMAN, and EDWARD MAHER, of counsel,) for plaintiffs in error.

DOUGLAS C. GREGG, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In the years which immediately followed 1894 Warren Springer was the owner of an unimproved tract of real estate in the city of Chicago. He desired to have a large seven-story building, to be used for manufacturing purposes, erected thereon at the expense of some person other than himself. With this object in view he made several ninety-nine-year leases of the property to persons who were practically insolvent, binding them, by the terms of the lease, to erect such a building as he desired. In one instance he entered into a fraudulent arrangement with the lessee and a man who pretended to be a money lender, for the purpose of convincing intending building contractors that the lessee had successfully negotiated a loan which would enable him to carry out the undertaking. Each of the lessees made an attempt to construct the building. Neither of them traveled far. In each instance when it became apparent that the lessee would be unable to construct the building the lease was forfeited or surrendered to Springer. Each lessee, however, entered into various contracts with builders and others looking to the erection of the desired structure. About all that seems to have been accomplished by all of them was to secure the preparation of plans and specifications by a firm of architects, thereby incurring an indebtedness of $1600, and the making of an excavation on the property at an expense of several thousand dollars. The present litigation results from the attempts of various creditors to enforce mechanics' liens against the property.

Vincent Bowerman, a sub-contractor, filed a bill in chancery in the circuit court of Cook county, in 1896, to enforce a lien for the amount due him. He obtained a decree in

the circuit court, which, however, was reversed and the cause remanded by the Appellate Court for the First District. (*Springer* v. *Bowerman*, 75 Ill. App. 352.) In the suit so instituted by him various other lien claimants filed intervening petitions in the nature of cross-bills or answers in the nature of cross-bills. All the lien claimants parties to the litigation now before this court were unsuccessful in the circuit court, where the cause was finally disposed of by a decree entered on the 22d day of September, 1903. Thereafter three writs of error were sued out of the Appellate Court for the First District by certain of the lien claimants other than Bowerman. The three causes were there consolidated and the decrees of the circuit court affirmed on the 14th day of June, 1906. Thereafter, in March, 1908, lien claimants so defeated in the Appellate Court brought the three cases to this court by writs of error. The causes have been here consolidated and will all be disposed of by this opinion.

Kelley & McMullen, plaintiffs in error in the suit first above entitled, were co-partners engaged in business as architects. On January 23, 1903, they filed in the suit instituted by Bowerman an intervening petition in the nature of a cross-bill. To that pleading Springer interposed a demurrer, which was sustained. Kelley & McMullen stood by their pleading and were dismissed. The only question presented by the writ of error prosecuted by them is as to the sufficiency of that pleading. It appears from that document that on February 19, 1895, they entered into a contract with Bartlett & Roach, who at that time held the ninety-nine-year lease, by which they were to make plans and furnish professional consultation and architects' superintendence for the construction of the building. If the building was completed their compensation was to be five per cent upon the cost thereof. If the work was abandoned before completion they were to be paid $1500 on account of preliminary plans and studies and the reasonable value of alterations and

additions made in the plans. Between February 19, 1895, and March 19, 1895, they made the necessary preliminary studies and plans and consulted in a professional way with Bartlett & Roach and with Springer. It appears from the petition that they had earned during that period the sum of $1600 on account of the contract so entered into with Bartlett & Roach, and that after some excavation for the building had been done the further construction thereof was abandoned. The petition also avers that Bartlett & Roach were obligated by their lease with Springer to construct the building and to employ architects to prepare the necessary plans; that Springer agreed to aid in the construction of the building by loaning and advancing to Bartlett & Roach the sum of $10,000, to be used by them in paying for the construction; that Springer fraudulently induced Bartlett & Roach to make the lease and to contract to erect the building by falsely pretending to them that he had secured for them a building loan of an amount sufficient, with the money which he (Springer) would loan them, to pay for the construction of the building; that Bartlett & Roach ascertained this statement in reference to the building loan to be a false pretense and thereupon compelled Springer to cancel their lease, and that when that was done Bartlett & Roach and Springer abandoned the construction of the building. The building was to be 214x120 feet in dimensions and to be seven stories in height, with a basement. It further appears from the pleading that the plaintiffs in error did not file with the clerk of the circuit court of Cook county their claim for lien until the 8th day of January, 1903, which was fifteen days before they intervened. It does not appear from the petition that this claim for lien was filed within four months after the last payment became due and payable to Kelley & McMullen,—the time limited by sections 4 and 28 of the Lien law of the State in force prior to July 1, 1895, which was the statute of 1874, as amended in 1887. (Hurd's Stat. 1887, chap. 82, secs. 4, 28.)

It is contended by the plaintiffs in error that as against Springer, whom they consider the "owner," they were not required to file their claim for lien with the circuit clerk within four months, the period limited by the statute as it existed prior to July 1, 1895, which they regard as being the statute by which the sufficiency of the petition in this respect must be determined, but that they could file it at any time before the debt was barred by the Statute of Limitations. If the statute of 1895 were to be applied the claim would be barred, for the reason that it does not appear that suit was commenced or intervening petition filed by Kelley & McMullen within two years after the completion of the contract, as required by section 9 of the Mechanic's Lien statute of 1895, being paragraph 23 of chapter 82, Hurd's Revised Statutes of 1895. Even if it be true, however, that this matter is regulated by the statute as it existed prior to July 1, 1895, (a question which we do not decide,) we think the pleading failed to show existence of an enforcible lien.

Sections 4 and 28 of chapter 82, Hurd's Revised Statutes of 1893, reads as follows:

"Sec. 4. Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the circuit court of the county in which the building, erection, or other improvement to be charged with the lien is situated, a just and true statement or account or demand due him, after allowing all credits, setting forth the time when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit. Any person having filed a claim for a lien, as provided in this section, may bring a suit at once to enforce the same by bill or petition in any court of competent jurisdiction in the county where the claim for a lien has been filed."

"Sec. 28. No creditor shall be allowed to enforce a lien created under the provisions of this act, as against or to the prejudice of any other creditor, or encumbrancer, or pur-

chaser, unless a claim for a lien shall have been filed with the clerk of the circuit court, as provided in section 4 of this act, within four months after the last payment shall have become due and payable. Suit shall be commenced within two years after filing such claim with the clerk of the circuit court, or the lien shall be vacated."

It is agreed by the parties that the limitation established by the two sections above set out in reference to filing the claim within four months may not be availed of by the owner of the property with whom the builder contracts for the construction of the building, and the position taken by the plaintiffs in error is, that Springer, so far as the lien claimed is concerned, is here subject to the same liabilities as though the contract had actually been made with him by Kelley & McMullen, and that the claim for lien could be filed against him at any time before the debt itself was barred by the Statute of Limitations, and upon being so filed could be enforced by suit. The position of the defendant in error is that the lessees, with whom, alone, Kelley & McMullen contracted, are the only persons who cannot take advantage of a failure to file the claim with the circuit clerk within the four months.

Plaintiffs in error rely principally upon the case of *Crandall* v. *Sorg,* 198 Ill. 48. In that case, which arose between 1890 and 1895, Sorg, the landlord, stood in the same position as does Springer here; that is to say, he had entered into a ninety-nine-year lease conveying certain real estate owned by him to the lessee, had made a contract with the lessee binding the latter to place a valuable improvement upon the property, and had agreed to pay to the lessee money to assist in constructing the building. After the lease was forfeited, persons who had furnished labor and material attempted to enforce liens against the fee of the property. Sorg contended that the liens attached alone to the leasehold, which had been forfeited, and that they could not be made effective against the fee divested of the lease.

We there held that as the landlord and tenant were acting together in the construction of the building, the fee in the property owned by Sorg was subject to the lien after the forfeiture of the lease. This case presents a different aspect. There is no question but that the fee in this property might have been subjected to the lien had Kelley & McMullen filed their claim with the circuit clerk within the four-month period, as did the claimants in the *Sorg case.* (*Sorg* v. *Crandall,* 233 Ill. 79.) It is also apparent that inasmuch as Springer was not a party to the contract between plaintiffs in error and the lessees, and as the lessees were bound by their contract with Springer to construct the building, the primary fund, as between the lessor and lessees, for the satisfaction of the lien was the leasehold owned by the tenants. In other words, Springer had the right to have that interest exhausted before resort could be had to the fee. Under these circumstances we do not think he stands in precisely the same relation to the lien claimants as did the owners of the leasehold with whom the contract was made. He succeeded to the interest of the tenants,—that is, he acquired the leasehold after the contract had been made by them with plaintiffs in error,—and we think, therefore, that he is, within the meaning of section 28 above set out, a purchaser of the leasehold, against whom a lien could not be enforced unless the claim therefor had been filed with the clerk of the circuit court, as provided in section 4 above set out. Upon a failure of the lessees to comply with the terms of the lease Springer could declare a forfeiture thereof, and in that view of the matter he might, so far as the leasehold was concerned, be regarded as the holder of an encumbrance, within the meaning of the statute.

We think the demurrer to the pleading was properly sustained, as it did not appear therefrom that a claim for lien had been filed with the clerk of the circuit court within four months after the last payment became due to plaintiffs in error.

A. Campbell *et al.* are plaintiffs in error in the cause last above entitled. They filed an answer in the nature of a cross-bill, to which a demurrer was sustained. They stood by their pleading, which contained the same infirmity as that of Kelley & McMullen. The course of the litigation in regard to the Campbell claim has been exactly the same as that pertaining to the claim of Kelley & McMullen. The same questions arise. They are disposed of adversely to the contentions of Campbell *et al.* by what has already been said. ·

Roswell W. Weld and Daniel T. Donovan, co-partners doing business as R. W. Weld & Co., and John McNicholas, are plaintiffs in error in the cause secondly above entitled. They joined in an answer in the nature of an intervening petition, which they filed on June 23, 1898, in the suit begun by Bowerman. Their claims for liens are based upon contracts made with one William H. Tinsler early in 1896, who, after the termination of the lease between Springer on the one hand and Bartlett & Roach on the other, figured for a time as lessee of the premises for a period of ninety-nine years. Tinsler was also bound by his lease to construct a building for manufacturing purposes, which was to cost not less than $150,000. He seems to have been entirely without financial ability to carry out his contract, so far as the construction of the building was concerned. The contract between McNicholas and Tinsler provided the work to be done by McNicholas was to be finished by June 4, 1896, but it was, in fact, completed on May 29, 1896, and the contract price, $1400, thereupon became due. Weld & Co. aver that it was implied that their contract was to be completed by May 15, 1897, and that they could, in fact, have completed it by the first day of September, 1896; that they did not complete the contract because of Tinsler's inability to make payments in accordance with his agreement with them, and · that there was due them on September 1, 1896, the sum of $500 for work done and materials furnished, and the further sum of $36,132 for loss of profits and for damages oc-

casioned by Tinsler's breach of the contract. Whether there was any demurrer to this pleading does not appear, but, at any rate, the alleged causes of action of McNicholas and of Weld & Co., with certain other claims, were referred to the master, and upon the coming in of his report, and the consideration thereof upon exceptions, a decree was passed which dismissed the answer in the nature of an intervening petition filed by Weld & Co. and McNicholas, for the reason that it appeared that neither had filed a statement of claim for lien with the circuit clerk or begun suit to enforce the lien within the time limited by section 7 of the Mechanic's Lien law of 1895, which was in force at the time they made their contracts with Tinsler and at the time moneys became due to them. The circuit court seems to have regarded Springer as standing in the position of an owner who had contracted directly with the builder, by reason of the fact that Springer was guilty of a fraud in inducing the plaintiffs in error to believe that Tinsler had made an arrangement by which he could borrow money necessary to pay the expense of constructing the building, when no such arrangement, in fact, had been made. Whether the court was warranted in regarding Springer as such an owner is immaterial, for the reason that whatever doubt may have before existed as to whether the owner could invoke the four months' bar of section 7, *supra,* has been set at rest by the case of *Bloomington Hotel Co.* v. *Garthwait,* 227 Ill. 613, where it was held that no lien could be enforced, even as against the owner of the property, unless a claim for lien was filed or suit to enforce the lien was begun within four months after the last payment fell due.

The judgment of the Appellate Court in each of the three cases will be affirmed.          *Judgments affirmed.*