## Zander Reum Company, Defendant in Error, v. Congregation B'Nei Moshe, Plaintiff in Error.

### Gen. No. 15,121.

MECHANIC'S LIEN—*section 7 of act construed.* The fair construction of section 7 of the present act is that the lien may be perfected as against a creditor, encumbrancer or purchaser by either, suing or filing a claim within four months, but as against the owner by either suing or filing a claim within two years after the completion of the work.

Mechanic's lien. Appeal from the Superior Court of Cook county; the Hon. FARLAN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed January 6, 1911.

LOUIS T. ORR, for plaintiff in error; HARVEY L. CAVENDER, of counsel.

CODY & EATON, for appellee; CHESTER FIREBAUGH, of counsel.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

This is an appeal from a decree allowing complainant a mechanic's lien for extra work in the sum of $343.85 over and above the sum of $750, admittedly due and paid into court by the defendant as the balance due under the original contract.

The main controversy of fact is whether the work was extra or included under the terms of the original contract.

A careful consideration of the evidence satisfies us that the trial court correctly held with the complainant that while the plans showed the presence of certain columns in the buildings, the specifications submitted to complainant by the architect and on which the bid was made, did not provide for plastering these columns; that after the work was begun and when new

specifications were handed to complainant containing such a provision, it at once objected and stated that this would be done only as an extra, whereupon the architect and the chairman of the building committee directed it to proceed, promising payment in case the work was an extra. We concur too in the finding of the court as to $18.90 being a proper charge for patching the settlement cracks.

No claim for lien was filed with the clerk of the Circuit Court and it is doubtful under the evidence whether this suit was begun within four months after the completion of the work. The only testimony as to the time of completion is that it was done "about the 12th or 13th of September, along in there somewhere; I don't know exactly the date." The bill of complaint was filed on the 12th of January next following. If it were essential that the bill be filed within four months, this evidence would not be sufficient to justify a finding that the work was completed not earlier than September 12th.

In our judgment, however, under section 7 of the Mechanic's Lien Law of 1903, suit may be brought as against the original owner with whom the contract was made, at any time within two years after the completion of the work. This Act differs radically from the prior Act construed in Bloomington Hotel Co. v. Garthwait, 227 Ill. 613, and Kelly v. Springer, 235 Ill. 493. The former Act did not contain the provision inserted in section 7 of the present Act, that as to the owner the claim for lien may be filed with the clerk, not within four months, but within two years after the completion of the contract, or of the extra work. The fair construction of section 7 of the present Act is that the lien may be perfected as against a creditor, encumbrancer or purchaser by either suing or filing a claim within four months, but as against the owner by either suing or filing a claim within two years after the completion of the work.

The decree will be affirmed.

*Affirmed.*