**Oliver F. Smith et al., Executors, Appellees, v. R. J. McLaughlin, Impleaded, Appellant.**

**Gen. No. 19,766.**

1. MECHANICS' LIENS, § 150*—*time of bringing suit or filing claim as against owner.* As against the owner only, section 7 of the Mechanics' Liens Act, J. & A. ¶ 7145, requires suit to be brought or claim filed within two years after the completion of the work.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CLXXXIX 34

2. Mechanics' liens, § 93*—*necessity of filing claim before suit.* Section 7 of the Mechanics' Liens Act, J. & A. ¶ 7145, does not require a contractor to file his claim for lien before bringing suit to enforce his lien against the owner.

3. Appeal and error, § 966*—*when questions not presented for review.* A question predicated on a clause in an alleged contract between appellant and appellee cannot be considered by the Appellate Court where such contract was not introduced in evidence.

Appeal from the Circuit Court of Cook county; the Hon. Richard S. Tuthill, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

**Statement by the Court.** This is a bill to foreclose a mechanic's lien, brought in the Circuit Court of Cook county, by R. J. Busch, appellee, a contractor, against R. J. McLaughlin, impleaded, etc., appellant, the owner of the premises in question. The bill alleges that the appellant is the owner of certain real estate, improved with apartment buildings; that the appellant entered into a written contract with the appellee on November 10, 1911, by the terms of which the appellee was to complete certain porches then in course of construction on said buildings, for $4,880; that the work under the said contract was commenced November 14, 1911, and was completed May 4, 1912; that the appellee furnished extra labor and materials to the amount of $35; that the appellant accepted the work on the said contract on May 4, 1912; that there is due to the appellee under the contract, $1,277; that the appellee filed a statement of claim of lien in the Circuit Court of Cook county on September 24, 1912; that on the last mentioned date the appellant paid the appellee $672, but has refused to pay the balance of $605; that the appellee is entitled to a lien on the said premises for the said balance due. The appellant answered, admitting the ownership of the premises, the making of the contract and the furnishing of the extras; denied that the appellee completed the contract according to the

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

true meaning and import of the plans and specifications, and denied that there was any sum due the appellee; alleged that the architect of the appellant, under the terms of the contract, was the umpire of all disputes, and that a question arose as to whether it was the duty of the appellee under the contract to furnish frames for certain screens; that the architect decided that it was the duty of the appellee to furnish the same; that the appellee refused to do so, and appellant thereupon had another contractor complete the work at a cost of $505, which amount the appellant charged to the appellee, and thereby fully paid him under the contract. The appellant further answered that under the contract an architect's certificate was a condition precedent to the right of the appellee to demand any money of the appellant; that the appellee did not receive an architect's certificate at the completion of the work done by him, nor any certificate for any amount alleged to be due, and not paid. The chancellor entered a decree in favor of the appellee, and found that there was due him from the appellant $505, with interest from September 24, 1912, and that the appellee was entitled to a lien on the premises for the said amount. The appellant, McLaughlin, appeals from this decree.

The death of R. J. Busch has been suggested to this court, and on motion, Oliver F. Smith, Edward Sonnenschein and Hugo Sonnenschein, executors of the estate of said Busch, were substituted.

LYMAN M. PAINE, for appellant.

SONNENSCHEIN, BERKSON & FISHELL, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The appellant contends: (1) That under section 7 of the Mechanic's Lien Act of 1903 (J. & A. ¶ 7145), "the filing of a claim for a lien is a condition precedent

to the successful prosecution of a suit to foreclose a mechanic's lien, unless such suit is begun within four months after the completion of the work.    *    *    * Since appellee did not aver in his bill and prove upon the hearing that he had filed a claim for lien with the clerk of the Circuit Court, the decree in his favor is erroneous and must be reversed.''    (2) That the appellee did not complete his contract to the satisfaction of the architect, and did not obtain from the architect a final certificate for the amount alleged to be due, and such certificate is a condition precedent to his right of recovery in this case.

The first contention of appellant requires a construction of section 7 of the Mechanic's Lien Law of 1903. This section, so far as it is material to the present contention, reads as follows:

''No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within four months after completion, or if extra or additional work is done or material is delivered therefor within four months after the completion of such extra or additional work or the final delivery of such extra or additional material, he shall either bring suit to enforce his lien therefor or shall file with the clerk of the Circuit Court in the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien, verified by the affidavit of himself, or his agent or employe, which shall consist of a brief statement of the contract, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tracts of land to identify the same. Such claim for lien may be filed at any time after the contract is made, and as to the owner may be filed at any time after the contract is made and within two years after the completion of said contract, or the completion of any extra work or the furnishing of any extra material thereunder, and as to such owner may be amended at any time before the final decree.''

In passing upon the present contention, it is necessary to keep in mind that the appellee in his bill is not

seeking to enforce his lien against a third party, but only against the owner of the property. The question raised by the appellant in his first contention has been heretofore presented to an Appellate Court but once, so far as we are aware, namely, in the case of *Zander Reum Co. v. Congregation B'Nei Moshe,* 159 Ill. App. 371. In that case the Court construed section 7 to mean, "that the lien may be perfected as against a creditor, encumbrancer or purchaser by either suing or filing a claim within four months, but as against the owner by either suing or filing a claim within two years after the completion of the work." The Supreme Court of this State has held that, "the purpose of requiring the claim to be filed within a stated time is, that third persons dealing with the property may have notice of the existence, nature and character of the lien as well as the times when the material was furnished and labor performed, and thus be enabled to learn from the claim itself whether it was such as can be enforced." *Schmidt v. Anderson,* 253 Ill. 29-32. As against creditors, etc., section 7 does not require the contractor to file a statement of claim before he brings suit. When the purpose of the section is kept in mind, there would seem to be no good reason why a contractor should be required to file a statement of claim before bringing suit to enforce his lien against the owner only. Appellant's interpretation of the section would require the contractor to perform a useless act. While section 7 of the present act differs materially from the same section of the prior act construed by the Supreme Court in *Bloomington Hotel Co. v. Garthwait,* 227 Ill. 613, and *Kelley v. Springer,* 235 Ill. 493, nevertheless, we find nothing in these cases that supports the present contention of the appellant.

After a careful consideration of section 7, in the light of the plain purpose of the act in requiring a claim to be filed within a stated time, we concur in the interpretation of the section expressed by the Court in

the case of *Zander Reum Co. v. Congregation B'Nei Moshe, supra.*

The second contention of the appellant cannot be considered by us, for the reason that it is predicated upon an alleged clause in an alleged contract between the appellant and the appellee, not introduced in evidence.

Finding no error in this record, the decree of the Circuit Court of Cook county will be affirmed.

*Affirmed.*