F. E. Schoenberg Manufacturing Company, Appellant,
v. Broadway Central Hotel Corporation et al.,
Appellees.

May term, 1930.

Heard in this court at the
Opinion filed September 22,
1930.

SENECA C. TAYLOR and P. K. JOHNSON, for appellant.

W. E. NORVELL, JR. and MAURICE V. JOYCE, for appellees.

MR. JUSTICE FULTON delivered the opinion of the court.

April 24, 1928, appellant corporation filed its bill of complaint in the circuit court of St. Clair county to foreclose a mechanic's lien on the Broadway Hotel property at East St. Louis, owned by one of the appellees, Broadway Central Hotel Corporation.

The bill states the claim to be based on a written contract for furnishing and installing window and door

screens, for the construction of the hotel property, and for the agreed price of $2,800. The bill alleges the work was completed on November 3, 1927, and further recites the filing of claim for lien in the office of the circuit clerk on February 24, 1928.

The other appellees are mortgagees by reason of first and second mortgages on the hotel property.

Appellees filed a special demurrer which was sustained by the court. Appellant elected to abide by its bill and a decree was entered dismissing the bill of complaint for want of equity.

The grounds set up in the special demurrer are all directed to the sufficiency of the claim for lien. The claim for lien was filed within four months from the date of the completion of the work, and the bill of complaint after the four-month period had elapsed. Therefore, as to all of the appellees, except the Broadway Central Hotel Corporation, appellant must rely on the sufficiency of its claim for lien.

Section 7 of the Mechanics' Lien Law of 1903, Cahill's St. ch. 82, ¶ 7, provides among other things that the claim for lien must be verified by the affidavit of claimant himself, or his agent or employee. In this case the claimant was F. E. Schoenberg Mfg. Company, a corporation, and the affidavit attached to the claim of lien read as follows:

"State of Missouri )
                   ) ss
City of Saint Louis. )

"E. F. Schoenberg, Sec'y, being duly sworn, upon his oath deposes and says that he is the claimant in the above and foregoing claim for lien; that he has read the above and foregoing claim for lien and that he knows the contents thereof and that the matters and things therein set forth are true.

"(signed) E. F. Schoenberg, Sec'y. (Seal)

"Subscribed and sworn to before me this 24th day of February, A. D. 1928.

(signed) Gustav Schoenberg,
Notary Public.

"My term expires Sept. 8, 1931."

One of the plain requirements of the statute is a sufficient affidavit and this verification is clearly defective.

Mechanics' liens were not recognized by the common law nor allowed in equity independent of statute, but they exist only by virtue of the statutes creating them and providing a method for their enforcement; therefore such statutes must be strictly construed with reference to all requirements upon which the right to a lien depends. *North Side Sash and Door Co. v. Hecht,* 295 Ill. 515.

Therefore the action of the circuit court in sustaining the demurrer of the appellees, who were mortgagees or lienholders, was proper and should be affirmed.

However, the appellee, Broadway Central Hotel Corporation, a corporation, was owner of the premises and the Appellate Courts of Illinois have held "that the lien may be perfected as against a creditor, incumbrancer or purchaser, by either suing or filing a claim within four months, but, as against the owner by either suing or filing a claim within two years after the completion of the work." *Zander Reum Co. v. Congregation B'Nei Moshe,* 159 Ill. App. 371; *Smith v. McLaughlin,* 189 Ill. App. 529.

As against Broadway Central Hotel Corporation, the suit was instituted in apt time, and the demurrer filed in its behalf should have been overruled.

For the reasons we have announced the decree of the circuit court is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*