## Joseph K. Ostrander v. Jacob von Tobel.

1. MECHANIC'S LIEN—*Construction of the Statute.*—Section 28, Chapter 82, R. S., entitled "Liens," providing that no creditor shall be allowed to enforce a lien against or to the prejudice of another creditor, incumbrancer or purchaser, unless a claim for a lien shall have been filed with the clerk of the Circuit Court within four months after the last payment shall have become due and payable, is an act of limitation, and not intended merely to protect intervening purchasers without notice and judgment creditors with liens, prior to obtaining judgments.

2. SAME—*Notice Under Section 28.*—Section 28, Chapter 82, R. S., entitled, "Liens" was intended to give free commerce in real estate on which a lien for material or labor is sought to be enforced, unless the lienor gives notice of his rights in the time required by said section, and not having done so, the owner may sell and dispose of the premises discharged of the lien even after the notice is filed in the office of the circuit clerk.

Memorandum.—Mechanics' Liens. In the Circuit Court of Livingston County; the Hon. THOMAS F. TIPTON, Judge, presiding. Decree

for petitioner; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded with directions. Opinion filed December 13, 1894.

STRAWN & NORTON, attorneys for appellant.

HERBERT POWELL, attorney for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a mechanic's lien commenced by petition by appellee against appellant, F. P. Davis, C. M. Barreckman and James E. Morren, parties defendant. The suit was commenced April 22, 1892. The petition avers that on June 28, 1889, appellee sold to F. P. Davis materials for a dwelling house on premises described in the petition. The materials were to be furnished on or before June 28, 1890, and to be paid for one year from time of delivery of last materials; that complainant furnished said materials and they were used by said Davis in improving said property; that there was still due $102 with interest. The petition avers that appellant had or claimed to have some interest in the premises, but that his claim was subject to appellee's lien; avers that February 28, 1891, a lien notice was filed in the office of the circuit clerk of said county properly verified and containing the names of appellee as the person entitled to lien, the amount, date of filing, name of person against whom filed, and a description of the premises charged with the lien.

The appellant answered denying that there was any fixed time of payment agreed upon between appellee, except that the same was to be paid for in a reasonable time, and denying that sufficient notice had been given or filed to entitle complainant to a lien under the statute; avers that a period of more than four months from the time the last materials, if any, were furnished, or payment was due, had elapsed before appellee filed his notice of the liens or filed for record any papers whereby innocent purchasers might be notified of his rights; avers that May 1, 1891, appellant purchased the said

premises of F. P. Davis for a valuable consideration and received from him a deed of conveyance for the same, and recorded his deed and took immediate possession thereof, and still retained it and was the owner thereof.

The evidence shows that the lumber was sold to Davis without any particular time for the payment and therefore the amount due appellee for the lumber became due on July 29, 1890, the date of the last delivery of the lumber; the notice did not state that the materials were sold upon any specific length of time; further shows that appellant purchased the real estate in question of Davis and took a warranty deed of the same May 1, 1891, appellee having filed his statutory lien February 28, 1891.

The cause was referred to the master with directions to report conclusions, who recommended the granting of the lien on the premises claimed by appellant, and the court granted the decree in accordance therewith for the amount found due, $98.50. Proper exceptions to the master's report were taken by the appellant which were overruled by the court and exceptions taken.

The appellant, as the evidence shows, did not assume the payment of appellee's claim against Davis in this deed or otherwise.

This appeal presents the question of whether the appellee lost his rights of the lien as against the appellant by not giving the notice of his intention to enforce a mechanic's lien till after the expiration of four months after the time the last payment should have been made.

Sec. 28, Chap. 82, R. S., p. 912, Hurd's Statutes, provides as follows:

"No creditor shall be allowed to enforce a lien created under the provisions of this act against or to the prejudice of any other creditor or incumbrancer or purchaser unless a claim for a lien shall have been filed with the clerk of the Circuit Court as provided in section 4 of this act, within four months after the last payment shall have become due and payable. Suit shall be commenced within two years after filing such claim with the clerk of the Circuit Court or the lien shall be vacated."

We are of the opinion that the above statute is an act of limitation, and not intended to merely protect intervening purchasers without notice, and judgment creditors with liens prior to obtaining judgments.

The statute, in our judgment, was intended to give free commerce in the real estate on which a lien for material or labor is sought to be enforced, unless the leinor gives the notice in the time required by section 28, above quoted. Not having done this, the owner, Davis, was at liberty to sell and dispose of it, even after the notice was filed in the circuit clerk's office.

The mechanic's lien law should be strictly construed. McDowell v. Rosengarter, 134 Ill. 131; Campbell v. Jacobson, 145 Ill. 389.

This question being decisive of the case, the decree is reversed and the cause remanded with directions of the Circuit Court to dismiss the bill.