### Norman Lyle, Appellee, v. Joseph Rosenberg et al. Detroit Stove Works, Appellant.

#### Gen. No. 20,392.

1. MECHANICS' LIENS, § 190*—*what not ground for demurrer.* The failure of a petition to foreclose a mechanic's lien to allege the filing of a notice of claim of lien within four months after the delivery of the articles for which a lien is sought is not ground for demurrer.

2. MECHANICS' LIENS, § 94*—*when lien not barred by failure to begin suit or file notice in time.* Except as to purchasers the fail-

---

ure of a lien claimant to file notice of claim for lien or begin suit within four months after furnishing the materials for which a lien is sought does not deprive him of a lien, but merely postpones his claim to those of "other creditors or incumbrancers."

3. MECHANICS' LIENS, § 23*—*when gas stoves within the act.* Gas stoves installed in an apartment house are within the Mechanic's Lien Act of 1903, sec. 1, authorizing a lien in favor of one furnishing "fixtures, apparatus or machinery" in the building, altering, repairing or ornamenting of a building.

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded with directions. Opinion filed April 26, 1915.

EDWIN M. WOOD, for appellant.

LEE J. FRANK, MARY LEE COLBERT and CHARLES H. PEASE, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Norman Lyle brought in the Circuit Court of Cook county a bill for foreclosure of a certain mortgage deed of trust made by Joseph Rosenberg conveying certain premises improved by an apartment house and securing certain notes signed by Rosenberg, of which notes Norman Lyle was the legal holder. He made "The Detroit Stove Works, a corporation," a party defendant with the allegation that it had or claimed to have some interest in the premises, and also with the allegation that "on, to-wit, the 7th day of August, 1914, the Detroit Stove Works, a corporation, filed in said Clerk's office" (the office of the Clerk of the Circuit Court of Cook county) "its notice of a claim for a mechanic's lien against said premises."

It does not appear by the "Praecipe Transcript of the Record" before us that the Detroit Stove Works

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

filed any answer to this bill; but on December 3, 1913, it filed by leave of court an "Intervening Petition," in which intervening petition it represented that it was a Michigan corporation doing business in Illinois and engaged in the manufacture of stoves, ranges and goods of a similar character; that on February 17, 1913, Joseph Rosenberg applied to it to furnish him with twenty gas ranges and five gas laundry stoves; that it contracted to do so and in pursuance of the terms of the contract proceeded to furnish said stoves and ranges and "install them in the building known and located as Lot One," etc., (here follows a description of the same premises described in the bill of complaint in the cause), "which now is, and at the time and date of installing and furnishing said ranges and stoves was, owned by Joseph Rosenberg."

The petition states that the petitioner furnished all the necessary labor for the installation of the stoves and ranges and in all respects complied with the terms of the contract, and that immediately after the completion of the work and delivery of said stoves and ranges to said building, Joseph Rosenberg accepted the same and took possession of the aforesaid stoves and ranges. It also states that the petitioner has not been paid for any part of said stoves and ranges, and that there is now due and owing for them, as per terms of said contract, the fair and reasonable price of $436 and interest, and that Rosenberg has refused to pay this, although often requested, "by means whereof your orator is entitled under the statute in such cases provided to a lien upon the said premises for the amount due" the petitioner.

The prayer of the petition is that the petitioner may "be decreed to be entitled to a lien on said premises for the amount due your orator under the said contract" and "that the defendant Joseph Rosenberg be decreed to pay your orator the amount due," and for

such other and further relief as to the court shall seem meet.

A special demurrer by Norman Lyle, complainant in the original bill of complaint, was filed to this petition and another (identical in the reasons assigned) by the trustee and successor in trust in the trust deed described in the bill of complaint. The demurrer being sustained, the Detroit Stove Works by leave of court amended its petition.

It is difficult and perhaps not important to ascertain from the amendments in the transcript before us just how the petition read after amendment, for the amendments are referred to certain "paragraphs" in such and such "folios." As we have not the original papers before us, this is a blind direction. We suggest that a pleading worth while amending in a chancery suit is generally worth re-engrossing.

As far as we can see, the petition was only amended by making it refer to "copy of said order," "marked Exhibit 1," instead of to a "contract," and by adding an assertion that the respective prices written after each item in Exhibit 1 was a fair and market price for the item, and a prayer asking that Norman Lyle, Rose Rosenberg and the trustees and successors in trust named in the trust deeds described in the bill of complaint, as well as Joseph Rosenberg, should be required to answer the petition.

Identical demurrers (except for the names of the demurrants) were filed to the amended petition by Norman Lyle and by the trustee and successor in trust (jointly) in the trust deed sought to be foreclosed by him. The reasons for said demurrers were stated in them to be:

1. That it did not appear by said petition that the last materials were furnished or work done within four months next preceding the filing of the original petition.

2. That it did not appear that the articles alleged

to be furnished were actually used in an erection and completion, altering, repairing or ornamenting of any building on said premises, or constituted a valuable or permanent improvement upon said premises.

3.   That it did not appear that the articles were of such a character or nature or affixed in such a manner as to support a claim for mechanic's lien.

These demurrers were sustained by the court, whereupon the petitioner, the Detroit Stove Works, elected to stand by its petition as amended and it was dismissed.   The Detroit Stove Works then appealed to this court.

It is argued in this court by the appellee that the demurrer was properly sustained to the amended petition because, although the petition shows on its face that it was filed more than four months after the delivery of the articles mentioned, it fails to state that there had been within that time a claim for lien, properly verified, filed in the office of the clerk of the Circuit Court of the county.

We do not consider such an allegation necessary. If the failure to begin such a suit or file such a notice in time on the part of the petitioner is not a matter of defense for those persons to the prejudice of whom, under the provisions of the Mechanic's Lien Act, a lien cannot be *enforced* in case of such failure, it is at least a matter of evidence and not of pleading, on the part of the petitioner.

The Mechanic's Lien Act does not deny to a contractor, who comes otherwise under the provisions of the act, a lien because he does not begin his suit or file his notice in time; it merely postpones his claim to those of "other creditors or incumbrancers" in such a case, and may defeat it altogether against "purchasers."   This matter of priority must be provided for in a decree on the whole case in which the intervening petition is filed; but we do not think it necessary to consider it on this question of pleading.

The real question is, then, that which, although it does not so appear in the record, the counsel for appellant in his brief says the court below decided the case upon: "Were the articles alleged to have been furnished of such a character or nature or affixed in such a manner as to support a claim for mechanic's lien?" This is conceded by both parties to the litigation to be a question of first impression in Illinois, except so far as *Thielman v. Carr*, 75 Ill. 385, decided in 1874, may be considered as of authority. In that case as a dictum (applicable to that time, as it seems to us), Mr. Chief Justice Walker said: "It is believed that ordinary stoves and pipes have been always conceded to be personalty or mere chattels." The court held that "furnaces" were intended to be permanent and came within the operation of the lien law. "Gas ranges and gas stoves" of the present style in apartment houses are quite as much within the reasoning of the decision as within the language of the opinion in this case. We do not regard it as conclusive. The language of the Mechanic's Lien Act of 1903, sec. 1, we think, properly covers the articles delivered and "installed" by the petitioner, according to the terms of his petition. It says:

"That any person who shall by any contract  *  *  *  with the owner of a lot  *  *  *  of land  *  *  *  furnish material, fixtures, apparatus or machinery for the purpose of or in the building, altering, repairing or ornamenting any house or other building  *  *  *  shall have a lien upon the whole of such lot  *  *  *  for the amount due to him for such material, fixtures, apparatus, machinery  *  *  *  ."

We think that the articles described in the petition in this case properly fall within the terms "fixtures, apparatus or machinery" as the same can and should be applied to modern apartments. We do not consider the decisions in other states on a matter so peculiarly one of statutory construction very important; but it may be noted that our conclusions seem to be in line

with those of the courts deciding the following cases: *Turner v. Wentworth*, 119 Mass. 459; *Union Stove Works v. Klingman*, 20 App. Div. (N. Y.) 449; *Porch v. Agnew Co.*, 70 N. J. Eq. 328; *American Radiator Co. v. Pendleton*, 62 Wash. 56.

The judgment of the Circuit Court is reversed and the cause remanded to that court with directions to overrule the demurrer.

*Reversed and remanded with directions.*