(No. 14326.—Judgment affirmed.)

THE OLD BEN COAL CORPORATION, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(PETE PONZI,
Defendant in Error.)

*Opinion filed February 22, 1922.*

WORKMEN'S COMPENSATION—*when Supreme Court will not re-
verse judgment as contrary to weight of evidence.* If the judg-
ment of the circuit court confirming an award of the Industrial
Commission was rendered prior to the amendment of the Compen-
sation act in 1921 authorizing a review of the facts by the courts,
the Supreme Court cannot reverse the judgment as being contrary
to the weight of conflicting testimony but only in case there is no
competent evidence to support the award.

WRIT OF ERROR to the Circuit Court of Franklin county;
the Hon. C. H. MILLER, Judge, presiding.

W. H. HART, and W. W. HART, for plaintiff in error.

W. P. SEEBER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Pete Ponzi was employed in its mine by the Old Ben
Coal Corporation. While loading coal on May 7, 1918, he
was struck in the right eye by a piece of coal and so injured
that he was temporarily hindered from work. First aid,
medical and surgical, was furnished by the employer and
a small amount of compensation paid. The employee re-
turned to work, and in January, 1919, filed his application
for an award under the Workmen's Compensation act. It
was heard before an arbitrator in April, 1919, and an award
made in favor of the applicant of $12 per week for five
and five-sevenths weeks for temporary total incapacity and
the further sum of $12 per week for a period of twenty-
five weeks for twenty-five per cent loss of vision of the
right eye. The Industrial Commission on review approved

the award in August, 1919, and the circuit court affirmed it in June, 1921. On the petition of the Old Ben Coal Corporation this writ of error was allowed.

The only point in dispute is whether there was any loss of vision of the right eye as a result of the accident. The applicant testified that before his injury his right eye was as good as his left but since his injury everything looked foggy before that eye all the time; that he could see better with glasses than without them, but after two months there was no change in the vision of his right eye. It was agreed at the hearing before the arbitrator that Dr. Edmundson, an eye specialist of Mt. Vernon, Illinois, who had treated the applicant, should make a written report which would be considered as evidence, and that plaintiff in error would send the applicant, at its expense, to Chicago for examination by Dr. Allport, the consulting oculist of the Industrial Commission, and that his written report should be considered as evidence. Both doctors reported that the vision of the eye was slightly below normal but that the condition was not the result of any impairment by the accident. Dr. Edmundson said the vision was the same in both eyes.

It will be seen from the date of the injury and the proceedings resulting in the affirmance of the award that judgment was rendered before the amendment in 1921 giving a court authority to weigh conflicting evidence and determine on which side was the preponderance. Where the commission had jurisdiction and there was an absence of fraud we held that where there was any competent evidence to support the award this court could not reverse the judgment because it was contrary to the weight of the testimony. (*Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498; *Big Muddy Coal Co.* v. *Industrial Board,* 279 id. 235; *Goelitz Co.* v. *Industrial Board,* 278 id. 164.) We do not understand we are authorized to weigh the evidence in this case to determine whether its weight and preponderance sup-

port the award, for there was competent testimony tending to authorize it.

The judgment is affirmed.    *Judgment affirmed.*