Zimmerman, J.
 

 From an examination of the petition herein and its incorporated exhibits it appears that on April 1,1922, The Vinewood Realty Company, holding a fee-simple title to the lands involved, executed its ninety-nine year lease, renewable forever, to The Vine-wood Land Company. Several months thereafter the first named company conveyed its reversionary estate in the premises to The Cleveland Trust Company, under an arrangement still subsisting, whereby the trust company became the trustee and the realty company the beneficial owner. Thereafter, during the same year, and upon authority of Section 8572-5, General Code, providing that a perpetual leasehold shall be held and treated as an estate in fee and the possible reversion or remainder in fee as the lesser estate for the purposes of registration, the land company filed its petition in the Probate Court of Lake county “to settle and register title to land” under the provisions of the Ohio Torrens Act. The prayer of the petition was in part “that the titles of the applicant may be settled and determined and all clouds removed therefrom, and that such title be ordered registered as set out in the petition; and that all lesser or other estates, interests in and all liens, charges and incumbrances upon said
 
 *260
 
 lands or any part thereof, be. settled and determined by the court, and ordered to be registered. ’ ’
 

 All persons denominated by the act as necessary were made parties to the proceeding. An answer and cross-petition was filed by The Cleveland Trust Company, setting up its title and how obtained, and praying that its reversionary interest in fee be registered.
 

 In its decree “settling and determining title,” the Probate Court noted “a reversionary estate in fee in favor of the defendant The Cleveland Trust Company,” and it was ordered, adjudged and decreed that the title in a perpetual leasehold estate in and to said lands, subject to the lesser estates and interests therein, be settled, determined, confirmed and forever quieted in The Yinewood Land Company.
 

 A certified copy of the decree was transmitted by the Probate Court to the county recorder, which decree the recorder placed in his register of titles as prescribed by Section 8572-23, General Code.
 

 In the pending case The Yinewood Land Company filed an answer, alleging that its corporate charter had been cancelled by the state of Ohio, that it had forfeited and surrendered its ninety-nine year lease because of default in the payment of rent, taxes, etc., and that since 1930 the possession of the premises in issue has been in The Cleveland Trust Company and The Yinewood Realty Company.
 

 The registration of land titles in Ohio is governed by Sections 8572-1 to 8572-118, General Code. Such legislation, since amended in some respects, was enacted in 1913, pursuant to the authorization of Section 40, Article II, of the Ohio Constitution, adopted the previous year, and is most often referred to as the Torrens Act, after Sir Robert Richard Torrens (1814-1884), of South Australia, who introduced the system to the English speaking world near the middle of the last century.
 

 A succinct statement of the general mode of pro
 
 *261
 
 cedure for the registration of land under the Torrens Act may be found in 5 Tiffany on Real Property (3 Ed.), 113, Section 1316.
 

 The predominant object of such legislation is the establishment of a method whereby the title to a particular tract or parcel of real estate will be always ascertainable by reference to a register of conclusive veracity, maintained by the designated public official. 5 Tiffany on Real Property (3 Ed.), 109, Section 1314. See, also,
 
 Curry et al., Bd. of Commrs.,
 
 v.
 
 Lybarger, County Rec.,
 
 133 Ohio St., 55, 58, 11 N. E. (2d), 873, 875.
 

 Registration of the title to the land, instead of registering, as under the old system, the evidence of such title, is the basic principle of the plan.
 
 In re Bickel,
 
 301 Ill., 484, 492, 134 N. E., 76, 80.
 

 Where a decree of registration under the Torrens Act has been rendered by the proper court, the record duly made and the certificate issued, the land becomes registered land, the official certificate showing the complete state of the title.
 
 Robinson
 
 v.
 
 Kerrigan, Judge,
 
 151 Cal., 40, 90 P., 129, 121 Am. St. Rep., 90, 12 Ann. Cas., 829; 53 Corpus Juris, 1126, Section 107; 23 Ruling Case Law, 277, Section 149.
 

 While ordinarily the owner of the fee-simple estate is the one authorized to obtain registration of the title, the rights of owners of lesser estates are recognized and protected by statements or memoranda upon the certificate of the owner in fee simple, and separate certificates are unnecessary. 5 Tiffany on Real Property (3 Ed.), 114 and 119, Sections 1316 and 1319.
 

 Legislation of this kind, being remedial in nature, is to be liberally and reasonably construed to effectuate its purpose and intent. Section 8572-101, General Code.
 

 With these observations as a background, we come to a consideration of the contentions of the opposing parties.
 

 
 *262
 
 In brief, the main argument of the appellants is that under the Ohio Torrens Act, having particular regard for language used in Sections 8572-4 and 8572-5, General Code, the Probate Court was authorized to quiet title to and register the perpetual leasehold estate of The Vinewood Land Company, without quieting title to and registering the reversion, that this is precisely what was done, as is shown by the decree of the court, and, therefore, the reversionary title not having been registered, plaintiffs’ petition is without merit or effect.
 

 On the other hand, the plaintiffs maintain that in a registration proceeding under the Ohio Torrens Act, giving due weight to the purposes and intent of the act in its entirety, the land or
 
 res
 
 is registered rather than the titles in and to the
 
 res,
 
 and where the title to a lesser estate is noted in the registration decree and appears on the certificate of title in the register of the county recorder, such title is effectively registered.
 

 Upon a consideration of the various pertinent provisions of the Ohio Torrens Act, in a number of which the term “registered lands” and the word “register” are used in different forms in relation to different estates and interests, and keeping in mind the object and design of the whole act, this court entertains the view that when the reversionary estate in fee was noted in the decree of the Probate Court, and was plainly written on the certificate in the register of the county recorder, such estate or interest became ‘‘ registered, ’ ’ and must be so recognized, despite certain language in the act, which standing alone might be interpreted as supporting the appellants’ contention that the perpetual leasehold alone was registered.
 

 A contrary holding would certainly tend to confuse and weaken the operation of the Torrens system.
 

 Appellants urge here for the first time that the proper remedy of the plaintiffs was an appeal to the Common Pleas Court from the action of the county re
 
 *263
 
 eorder in entering a lien against their registered title, under Section 8572-79, General Code. However, that question was not raised or presented in either of the lower courts which had jurisdiction of the subject-matter, and will not now be considered by this court.
 

 Although Section 8572-56, General Code, was repealed, effective August 18,1937 (117 Ohio Laws, 480), it is agreed that such repeal does not affect the present cause.
 

 No error appearing in the judgment of the Court of Appeals, the same is affirmed and- the case remanded to the Court of Common Pleas for further proceedings.
 

 Judgment affirmed and cause remanded.
 

 Weygandt, C. J., Day, Williams, Myers, Matthias and Hart, JJ., concur.