(No. 25669.—

THE DEPARTMENT OF FINANCE, Appellee, *vs.* LESLIE SCHMIDT, Appellant.

*Opinion filed October 11, 1940.*

MacDonald, Meyer & Meyer, for appellant.

John E. Cassidy, Attorney General, (Henry G. Miller, and W. F. Gray, of counsel,) for appellee.

Mr. Justice Gunn delivered the opinion of the court:

Appellee, the Department of Finance of the State of Illinois, brought suit against Leslie Schmidt, doing business as the Schmidt Auto Repair, appellant, in the circuit court of St. Clair county, to recover $405.22 due the State of Illinois under the Retailers' Occupation Tax act, and obtained judgment from which appellant appeals directly to this court, as the revenue is involved.

The complaint, after setting out jurisdictional matters, alleges that the defendant had failed to make returns showing receipts of sales made at retail, and that he was notified of the time and place of a hearing for the purpose of determining the amount of tax due, and that a hearing was had upon which the Department of Finance determined a total amount of $415.85 was due from the defendant, and notified him thereof. Appellant admits all these·charges in the complaint. The complaint further alleged $10.67 had been

paid by appellant, leaving a balance of $405.22 due, for which judgment was prayed. Appellant denies this paragraph of the complaint. Additional defenses were made to the effect that a suit had been previously brought for the same cause of action and dismissed by the plaintiff and judgment rendered against the plaintiff, which is in full force and effect, and, further, that said suit was dismissed without notice to the defendant as required by the Civil Practice act. The complaint and answer were both verified. A motion to strike the answer was made because it specifically admitted all the things necessary for recovery under the Retailers' Occupation Tax act, and because the previous suit dismissed was without prejudice, and, further, because it appeared from the complaint that the notice of assessment by the Department of Finance was given after the previous suit had been dismissed, which would have entitled appellant to have the amount specified in the notice reviewed by *certiorari* as provided by statute. The motion to dismiss was not verified but certified to by an assistant Attorney General. There was no objection to the lack of verification. The motion to strike was allowed, and judgment was entered against appellant.

The first point raised is that a general denial of the amount due alleged in the complaint raises an issue as to the amount due. Under the Retailers' Occupation Tax act (Ill. Rev. Stat. 1939, chap. 120, par. 451) a method of reviewing an assessment made by the Department of Finance is provided, and we have held that in a suit to collect such unpaid taxes the question cannot again be retried or reviewed. (*Department of Finance* v. *Goldberg,* 370 Ill. 578.) The admissions contained in the answer are that a hearing was had, that an amount was determined and that appellant was given notice thereof. The only method provided by law for reviewing the correctness of this finding is that pointed out by paragraph 451, *supra.* The denial of appellant of the seventh paragraph, of the payment of $10.67, leaving

a balance of $405.22, could only go to the amount of the credit, as it was improper, in view of the fact that the Department of Finance had followed the statute, to question the amount found due by the department in any other way except under the statute. If appellant meant by this denial to claim that less than $10.67 was paid, it was not injured. If it intended to claim that a greater sum or all of the tax had been paid, it should have pleaded such fact, as payment is an affirmative defense as provided in paragraph 4 of section 43 of the Civil Practice act.

The next point urged is that there was a former adjudication of the same question between the same parties. The complaint in the present case discloses that the notice of assessment was given April 13, 1939. The answer discloses that the former suit was dismissed on November 18, 1938, without prejudice. The notice of assessment by the Department of Finance is a necessary requisite to bringing the suit. (*Department of Finance* v. *Goldberg, supra.*) It appears this notice was delivered subsequent to the dismissal of the former suit and this would have entitled appellant to have the amount reviewed by *certiorari*. It is clear from the face of the record that the amount involved in the notice of assessment could not have been adjudicated in the prior suit dismissed November 18, 1938.

It is also argued that the court erred in ruling on an unverified motion to strike the answer. The Civil Practice act refers in section 32 to pleadings as meaning the complaint, the answer, the reply or counter-claim. Section 45 provides that motions shall take the place of demurrers. The only provision in the Civil Practice act requiring motions to be verified is where they set forth new matter, which may be denied by affidavit or an issue formed for a jury. (Section 48.) There was new matter in the motion to dismiss and if appellant had objected the court could have sustained him. He did not object and cannot now for the first time raise the point on appeal. The motion to dismiss

did properly call attention to the fact that the pleadings disclosed the notice of assessment was rendered after the dismissal of the first suit, and as to this part of the motion no verification was required.

There is nothing in the record that indicates appellant did anything to contest the amount of tax due, as provided by law, and he cannot be permitted to review the merits of the tax when it is apparent that his answer has admitted every essential element necessary to recovery.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*