Tyrus W. Setliff and Katherine D. Setliff, Plaintiffs-Appellants, v. Homer G. Reinbold and Mary Eva Reinbold, Defendants-Appellees.

Gen. No. 66–1.

Fifth District.

July 20, 1966.

R. W. Harris, Harris, Holbrook & Lambert, of Marion, for appellants.

J. C. Mitchell, of Marion, for appellees.

MORAN, J.

This is an appeal from the Circuit Court of Williamson County, Illinois, from a dismissal of the complaint of the plaintiffs-appellants in an action to determine the correct boundary line between two adjacent tracts of land, to enjoin the defendants from interfering with the existing boundary line, from trespassing, and from proceeding in another case, and to require the defendants to repair that part of the boundary line which they destroyed.

The issue on appeal concerns the extent to which a party seeking to rely upon the principle of res judicata must show what was determined by the court in the prior judgment and what is common to the subsequent action.

The amended complaint alleged that the plaintiffs owned a piece of property designated Tract 1 and that the defendants owned another piece designated Tract 2. In 1913, when the adjacent tracts were owned respectively by Emil and Fred Krump, a boundary line was established between them by a parol agreement and a fence was built pursuant to the agreement. The fence was maintained and kept as the established boundary line until a dispute arose between the plaintiffs and the defendants in 1954. Subsequently, the defendants in this case, Homer and Mary Eva Reinbold, filed a suit in the Circuit Court of Williamson County, Illinois, against the plaintiffs in this suit, Tyrus and Katherine Setliff, making application for survey and for the appointment of disinterested surveyors "to establish the boundary line between the above described tracts." The complaint in the present case alleged that the Reinbolds could not have a commission appointed to survey and determine the line because they are precluded from disputing the boundary line; for the boundary had been established by agreement and by continued acquiescence therein between adjoining landowners with undisputed possession up to the agreed line for more than forty-one years. After alleging that the defendants trespassed and threatened to continue to trespass by moving a portion of the fence from the established boundary line, the complaint prayed that the court determine the correct boundary, enjoin the defendants from destroying or further interfering with the fence line, enjoin the defendants from trespassing, enjoin the defendants from proceeding in their suit, and require the defendants to repair that part of the fence which was removed.

The defendants filed a motion to dismiss the complaint, which was unsupported by an affidavit. Attached to the motion was a copy of the final order of the prior proceedings in the Williamson County Circuit Court,

showing that the court had appointed a commissioner of surveyors over the objections of the Setliffs; that a report of survey was duly made to the court on June 25, 1959; that no objections were filed until June 17, 1960, at which time the Setliffs filed written objections; that a hearing was held on the objections; and that, on February 27, 1962, the court approved the report and allocated the costs of the survey. In support of the motion, the defendants alleged that the main issue presented by the complaint was the determination of the boundary line, that this issue had been the subject matter of the previous suit, and, therefore, that the present suit is barred by the principles of res judicata. The lower court sustained the motion and dismissed the complaint. From this decision the plaintiffs appealed.

■ ■ It has been repeatedly stated by courts in Illinois that "the burden of proof is always upon the defendant, who pleads res judicata because of a former judgment, to set up that judgment, and show what was determined by it, and what is common to the subsequent action. The proof must be clear, certain, and convincing." Board of Directors of Chicago Theological Seminary v. People ex rel. Raymond, 189 Ill 439, 444, 59 NE 977; Svalina v. Saravana, 341 Ill 236, 173 NE 281; Brown v. Brown, 286 Ill App 471, 3 NE2d 945; Ramsay v. Ramsay, 10 Ill App2d 459, 125 NE2d 172; Sullivan v. Bard, 44 Ill App2d 16, 194 NE2d 18; Johnston v. East St. Louis Homes, 71 Ill App2d 79, 218 NE2d 38. The fact that the precise question was raised and determined in the former suit may appear on the face of the record or may be shown by extrinsic evidence. Svalina v. Saravana, supra.

■ From the copy of the order attached to the motion to dismiss, it is clear that the prior suit in the Williamson County Circuit Court involved the determination and establishment of the correct boundary line be-

211

tween Tracts 1 and 2. The plaintiffs admit that the prior suit did involve this determination. However, it is urged that, since the motion to dismiss was unsupported by an affidavit, the record is barren concerning what was determined by the prior judgment and what is common to the present suit. Suffice it to say that, assuming an affidavit was required for the motion to dismiss, the plaintiffs did not object at any time before the trial court to the form or substance of the motion to dismiss; and therefore, they "cannot now for the first time raise the point on appeal." Department of Finance v. Schmidt, 374 Ill 351, 354, 29 NE2d 530.

The actual dispute raised in the plaintiffs' complaint is the same determination as that involved in the prior suit. Both suits involve an effort to establish a disputed boundary line between adjacent tracts of land. The plaintiffs' initial prayer is for judgment that "the court determine and establish the correct boundary line." Even though there are additional prayers for relief they are essentially incidental to and dependent upon the court's establishment of the correct boundary and, therefore, not determinative of the question of the identity of issues. The prayers that the court enjoin any interferences and trespassing and that it require the defendants to repair that part of the fence which they destroyed, clearly depend upon the determination of the correct boundary line.

The appellants maintain that there is no identity of issues between the matters alleged in their complaint and the dispute which existed between them as a result of which the prior judgment was entered. They maintain that the main issue raised by their complaint is that Emil and Fred Krump, "not knowing the boundary between them, established it by parol agreement, fixing the location of the unascertained boundary line." They thereby pray judgment that the court enjoin the defendants from proceeding in the former suit. However, the

212

appellants fail to recognize that any alleged oral agreement relates solely to the determination of the boundary line and that this determination was the issue in both cases. In all cases where the second suit is based upon the same issue and between the same parties or their privies, the doctrine of res judicata "extends to all grounds of recovery or defenses which might have been presented." Chicago & W. I. R. Co. v. Alquist, 415 Ill 537 at 541, 114 NE2d 713; People v. Kidd, 398 Ill 405, 75 NE2d 851; Leitch v. Hine, 393 Ill 211, 66 NE2d 90. ▮▮ Illinois Revised Statutes, chapter 133, section 14 (1961) provides that "(t)he corners and boundaries established in said survey, if approved in the final judgment of the court, if not appealed from within thirty days, shall be held and considered as permanently and unalterably established according to said survey." Therefore, since no appeal was taken, the judgment of the court in the prior suit has become final and the boundary line shall be considered as permanently established.

For the foregoing reasons, the judgment of the lower court is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.