MUTSCHLER KITCHENS OF CHICAGO, INC., Plaintiff-Appellant, *v.*
JEFFRY S. WINEMAN *et al.*, Defendants-Appellees.

First District (5th Division)    No. 80-507

Opinion filed April 24, 1981.

Edward U. Notz, of Chicago, for appellant.

Mayer, Brown & Platt, of Chicago, for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from an order granting the amended motion of defendants Nick J. Brown and Mary L. Brown to dismiss as to them plaintiff's complaint to foreclose a mechanic's lien. We reverse.

The issues presented for review are: (1) whether the trial court properly considered an affidavit and documents attached to defendants'

motion; (2) whether the Browns were "purchasers" as contemplated by section 7 of the mechanics' liens act (Ill. Rev. Stat. 1977, ch. 82, par. 1 *et seq.*) or purchasers *pendente lite*; and (3) whether it was necessary for plaintiff to allege the filing of a claim for a lien or attach the claim to its complaint.

As this matter arises on a motion to dismiss, all well pleaded facts alleged in the complaint are taken as true. (*McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 384 N.E.2d 100.) On July 3, 1979, 21 months subsequent to its alleged performance of the contract, plaintiff filed a three-count verified complaint to foreclose a mechanic's lien naming as defendants Jeffry S. and Doris N. Wineman (Winemans), the Browns, and "unknown owners." On the same date a notice of the filing and pendency of said suit was filed in the office of the Recorder of Deeds. Ill. Rev. Stat. 1977, ch. 110, par. 405.

The complaint alleges the following: that plaintiff was a duly authorized Illinois corporation; that on or about March 19, 1977, the Winemans were owners in fee simple of certain real estate; that on March 19, 1977, plaintiff and the Winemans entered into a written contract in which plaintiff agreed to sell kitchen cabinetry, countertops and other appliances and materials to the Winemans as well as install the countertops; that plaintiff delivered the materials purchased and installed the kitchen countertops as required by the contract terms; and that its performance was completed or substantially completed on October 4, 1977. The complaint further alleged that payment of $7222.75 by the Winemans was due upon installation of the countertops but that the Winemans had only paid $4815.75, leaving a balance due and owing of $2407. Plaintiff alleges in paragraph 12 of count I that the Browns may have an interest in the premises but that the nature of the interest is unknown to plaintiff and on information and belief may be subject to plaintiff's lien. Paragraph 13 of count I alleges that certain unknown owners may also have an interest in the premises. The complaint does not allege that plaintiff ever filed a claim for a lien with the Cook County Recorder of Deeds.

The prayer for relief requested judgment that plaintiff is entitled to a lien upon the premises for the amount due under the contract; that in the event of default of payment the property be sold to satisfy that amount; and that upon such sale and a failure to redeem therefrom that the Winemans and all persons claiming under them be barred from all right or equity of redemption of the premises.

The Browns filed an amended motion to dismiss plaintiff's complaint as to them pursuant to sections 36, 45 and 48(1)(e) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, pars. 36, 45 and 48(1)(e)). The unverified motion alleged that on March 25, 1979, the Browns executed a real estate

contract with the Winemans to purchase the subject property; that an escrow with Chicago Title & Trust Company was established on May 30, 1979; that the Winemans' warranty deed was deposited in the escrow on June 21, 1979; and that the purchase was completed on July 6, 1979. Attached to the amended motion were the affidavit by Nick J. Brown that "on or about July 6, 1979, he and his wife purchased the real estate * * * from [the Winemans]" and photocopies of the real estate contract and the escrow receipt which were not certified nor otherwise authenticated. The affidavit and copy of the receipt were incorporated by reference in the amended motion. The copy of the contract was not.

The amended motion further alleged that the single paragraph of the complaint referring to the Browns failed to plead any facts showing plaintiff's cause of action against the Browns and thus lacked the specificity required by section 45 of the Civil Practice Act; that the complaint failed to allege either the filing of a claim for lien or of a suit within four months after the performance of the contract; that in fact suit was not filed until 21 months after the alleged completion date; that section 7 of the mechanics' liens act (Ill. Rev. Stat. 1977, ch. 82, par. 7) requires that plaintiff file such a claim or bring suit within four months in order to enforce its lien against or to the prejudice of any purchaser; that the Browns were purchasers entitled to the protection of section 7; and that as plaintiff's complaint failed to allege that either of these steps had been taken, plaintiff was barred from enforcing a mechanic's lien. Finally, the amended motion alleged that the complaint failed to attach the necessary exhibit showing plaintiff had a cause of action against the Browns as required by section 36 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 36).

Plaintiff filed an answer to the amended motion. It alleged that the amended motion should be stricken for combining a request for relief under separate practice act provisions; that defendants' amended motion should be denied as the filing of the suit made the filing of a claim unnecessary; that defendants are charged with knowledge of the claim by reason of the suit and the filing of *lis pendens*; that defendants did not deny knowledge of the claim; that defendants admitted purchasing the property after plaintiff's foreclosure suit was filed; that defendants took title subject to plaintiff's lien; that the factual allegations contained in paragraph 1 of the amended motion (except as to the July 6, 1979, date of purchase) are beyond the scope of the court's inquiry pursuant to section 48(1) and (6) of the Illinois Civil Practice Act and are therefore to be disregarded; that no need exists to state a cause of action against the Browns who at best may have some interest subject to plaintiff; that plaintiff's action is brought under section 9 of the mechanics' liens act (Ill. Rev. Stat. 1977, ch. 82, par. 9) and not section 7 which is irrelevant; that

even as purchasers the Browns must show that they were innocent purchasers, a present consideration, and that they had not agreed to take subject to the lien.

The parties each filed memoranda of law in support of their respective contentions. Following oral argument, the trial court entered an order finding the complaint insufficient in law as to the Browns for failure to comply with section 7 of the mechanics' liens act and dismissing the complaint with prejudice as to them. Plaintiff has appealed pursuant to Supreme Court Rule 304(a). Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).

OPINION

To properly address the contentions of both plaintiff and the Browns, it is first necessary to give consideration to the interrelationship between sections 7 and 9 of the mechanics' liens act. Section 7 states in pertinent part:

" §7. No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within four months after completion, or if extra or additional work is done or material is delivered therefor within four months after the completion of such extra or additional work or the final delivery of such extra or additional material, he shall either bring suit to enforce his lien therefor or shall file in the office of the recorder of deeds of the county * * * a claim for lien * * *. Such claim for lien may be filed at any time after the contract is made, and as to the owner may be filed at any time after the contract is made and within two years after the completion of said contract, or the completion of any extra work or the furnishing of any extra material thereunder, and as to such owner may be amended at any time before the final decree. * * *." (Ill. Rev. Stat. 1977, ch. 82, par. 7.)

Section 9 states in pertinent part:

" §9. If payment shall not be made to the contractor having a lien by virtue of this action of any amount due when the same becomes due, then such contractor may bring suit to enforce his lien in the circuit court in the county where the improvement is located * * *. Such suit shall be commenced or counterclaim filed within two years after the completion of the contract, or completion of the extra or additional work, or furnishing of extra or additional material thereunder." Ill. Rev. Stat. 1977, ch. 82, par. 9.

The mechanics' lien referred to in sections 7 and 9 arises from the contract between the contractor and an owner of an interest in land to make improvements on the latter's property. (Ill. Rev. Stat. 1977, ch. 82, par. 1.) The lien attaches as of the date of the contract, but it attaches to

the property and not to the owner. (*Swords v. Risser* (1977), 55 Ill. App. 3d 676, 371 N.E.2d 182.) A plain reading of the mechanics' liens statute indicates that section 9 provides the contractor with the method of enforcing his lien. That section states that the contractor may enforce his lien by bringing suit in the circuit court of the county where the improvement is located. It further states that a contractor has two years from the completion of the contract or completion of extra work or the provision of extra material to bring suit. Thus, every contractor seeking to enforce his lien does so under the authorization of section 9. Section 7, however, places limitations on the ability of a contractor to enforce his lien. Section 7 specifically states that a contractor cannot bring suit to enforce his lien against or to the prejudice of any other creditor, incumbrancer, or purchaser unless he takes either of two steps. The contractor must either bring suit to enforce the lien within four months after the completion of the contract or extra work, or the delivery of extra material, or he must file a claim for a lien with the county recorder of deeds during that four-month period. Against an owner, however, suit may be brought for two years subsequent to the completion of the work without the filing of a claim for a lien. Ill. Rev. Stat. 1977, ch. 82, pars. 7, 9; *Hacken v. Isenberg* (1919), 288 Ill. 589, 124 N.E. 306; *F. E. Schoenberg Manufacturing Co. v. Broadway Central Hotel Corp.* (1930), 259 Ill. App. 40.

Both plaintiff and the Browns agree that plaintiff initiated the instant suit 21 months following its completion of the work required under the contract. Thus, plaintiff complied with the two-year time limitation of section 9. The determinative issue then is whether plaintiff's suit, according to the language of section 7, was brought against a purchaser or prejudiced a purchaser, thereby making compliance with the requirements of section 7 necessary. Plaintiff brought its suit against unknown owners, the nature of whose interest is not an issue in this appeal, the Winemans and the Browns. The complaint identified the interest of the Winemans as owners of the property. The complaint did not identify the interest of the Browns in the property at the time of suit, but merely alleged that they might have an interest in the property. Thus, no purchaser's interest was established on the face of plaintiff's complaint. The Browns' status as purchasers was only alleged in their amended motion to dismiss and supported by the attached affidavit and documents. Ill. Rev. Stat. 1977, ch. 110, par. 48(1).

Plaintiff first contends that the attached affidavit and the matter stated outside of the complaint contained in the Browns' amended motion to support their assertion that they are "purchasers" as contemplated by section 7 of the mechanics' liens act could not be considered by the trial court in its ruling as the basis of the trial court's order was section 45 of the

Illinois Civil Practice Act. The trial court, however, did not articulate any specific section or sections of the Illinois Civil Practice Act upon which it relied in granting the Browns' motion. Its order merely stated that the plaintiff's complaint was "substantially insufficient in law" as to the Browns because plaintiff failed to comply with section 7 of the mechanics' liens act. The Browns do not dispute that a court cannot consider outside matter or affidavits when ruling on a section 45 motion. They correctly point out, however, that their amended motion was brought pursuant to section 48(1)(e) as well as sections 45 and 36 of the Civil Practice Act. Section 48 specifically provides nine grounds for dismissal of a complaint. Subsection (e) provides that an action may be dismissed if it is not commenced within the time limited by law. (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(e).) If the ground for dismissal is not shown on the face of the pleading attacked, the motion must be supported by affidavit complying with Supreme Court Rule 191. (Ill. Rev. Stat. 1977, ch. 110, par. 48(6); Ill. Rev. Stat. 1977, ch. 110A, par. 191.) Rule 191 requires that the affidavit recite facts and not conclusions upon which the defense is based. Further, any papers relied upon by the affiant must be attached and sworn to or certified. Ill. Rev. Stat. 1977, ch. 110A, par. 191(a).

■■ The Browns' unverified amended motion alleged numerous facts which occurred prior to the filing of plaintiff's suit to show their status as purchasers of the property. Such allegations included the execution of a real estate sale contract with the Winemans for the purchase of the Winnetka property and the deposit of the Winemans' warranty deed in an escrow. These transactions were neither alleged nor admitted in plaintiff's complaint. However, as the Browns' amended motion was brought pursuant to section 48(1)(e), it was appropriate for the trial court to consider those new facts raised which were properly supported by the attached affidavit and documents. Although the Browns did attach a copy of the real estate contract and a copy of the receipt for deposit of the warranty deed to their amended motion, neither copy was sworn to or certified as required by Supreme Court Rule 191 (Ill. Rev. Stat. 1977, ch. 110A, par. 191(a)). Plaintiff properly objected in the trial court that these allegations were beyond the scope of the court's consideration. See *Standard Oil Co. v. Lachenmyer* (1972), 6 Ill. App. 3d 356, 285 N.E.2d 497; *White Way Sign & Maintenance Co. v. Montclare Lanes, Inc.* (1976), 42 Ill. App. 3d 199, 355 N.E.2d 632.

■■■ On appeal, plaintiff also challenges the sufficiency of the attached affidavit contending it is conclusory. The affidavit of Nick Brown recited in pertinent part that "on or about July 6, 1979, he and his wife purchased * * *" the Winnetka property from the Winemans and "[f]urther the affiant sayeth not." However, as the sufficiency of the affidavit was unchallenged in the trial court, the question of its sufficiency cannot now

be raised on appeal. (*Department of Finance v. Schmidt* (1940), 374 Ill. 351, 29 N.E.2d 530; *Burdin v. Jefferson Trust & Savings Bank* (1971), 133 Ill. App. 2d 703, 269 N.E.2d 340; *Setliff v. Reinbold* (1966), 73 Ill. App. 2d 208, 218 N.E.2d 814.) Furthermore, plaintiff did not contest this fact by counteraffidavit. Where such facts are not contradicted by counteraffidavit, they must be taken as true. (*Denton Enterprises, Inc. v. Illinois State Toll Highway Authority* (1979), 77 Ill. App. 3d 495, 396 N.E.2d 34; *Galich v. Catholic Bishop* (1979), 75 Ill. App. 3d 538, 394 N.E.2d 572, *cert. denied* (1980), 445 U.S. 916, 63 L. Ed. 2d 600, 100 S. Ct. 1277.) Therefore, the affidavit attached to the Browns' amended motion to dismiss was sufficient to show that the Browns were "purchasers" of the property as of July 6, 1979, three days subsequent to the filing of plaintiff's suit to foreclose its mechanic's lien and of its notice of *lis pendens.*

Plaintiff further contends, however, that even if it was proper for the trial court to consider the Browns' affidavit, that affidavit merely established that the Browns purchased the property after its suit was filed. Hence, the Browns are not "purchasers" within the scope of section 7 and are at most purchasers *pendente lite.* Plaintiff asserts that as its suit to enforce its lien was brought against the Winemans, the owners of the property with whom it contracted, none of the filing requirements of section 7 is applicable. Therefore, plaintiff did not need to plead the filing of any claim for a lien or attach the claim to its complaint. Defendants contend, however, that a mechanic's lien is even unenforceable against a party who purchases the property subsequent to the filing of a foreclosure suit against the owner unless the contractor has complied with the filing requirements of section 7, citing particularly *Von Tobel v. Ostrander* (1895), 158 Ill. 499, 42 N.E. 152, and *In re Bickel* (1922), 301 Ill. 484, 134 N.E. 76, in support. A discussion of these two cases is warranted, although it must be noted that the facts of both are distinguishable from those of the instant case.

In *Von Tobel* the Illinois Supreme Court held that a contractor who had filed his claim for a lien 10 months rather than within four months after the performance of the contract could not enforce his lien against a purchaser of the property, notwithstanding the latter's actual notice of the filing of the lien claim. The foreclosure suit was brought against a purchaser who had paid the owner a valuable consideration, received a deed of conveyance, and took possession of the property prior to the filing of the suit by the contractor. Thus, the defendants there clearly established their status as purchasers of the property nearly one year prior to the filing of the contractor's suit. (See *Ostrander v. Von Tobel* (1894), 56 Ill. App. 381.) Accordingly, the contractor's foreclosure suit was filed against them as purchasers and sought to prejudice their prior existing interest in the property. Unlike *Von Tobel,* the Browns have made no

such showing in the instant case which would have required plaintiff to have either filed his lien claim or foreclosure suit within the statutory four-month period.

*In re Bickel* (1922), 301 Ill. 484, 134 N.E. 76, was not a mechanics' lien foreclosure suit, but rather involved petitions to remove memorials of mechanics' liens from the Torrens register. The property in question was originally owned by one Bickel, who conveyed lots 11-15 to Huberty and Loheinich. In the summer of 1915, Huberty and Loheinich contracted to erect a two-story building upon each of the lots. Early in 1916 Huberty and Loheinich were adjudged bankrupt. On July 24, 1916, Johnson, a contractor, filed a claim for a mechanic's lien against lots 12-15 in the registrar's office. Johnson's claims were filed within the statutory four-month filing period. The property of Huberty and Loheinich was sold by the trustee in bankruptcy to Wise who filed his deed in the office of the registrar of titles. A certificate of title was issued to him on November 14, 1916. On January 29, 1917, about 10 months after the last payment under its contract became due, Kemler Lumber Company filed its notice of a lien claim with the registrar. On December 19, 1917, nearly a year later but still within the statutory two-year time period, Kemler filed a suit to foreclose its mechanic's lien against lots 11-15, naming Wise, the purchaser of the property, and certain mortgagees as defendants. Thereafter, Johnson intervened within the statutory two-year period to foreclose its lien against lots 12-15. Neither claimant filed a *lis pendens* notice of the suit in the registrar's office.

Approximately two years after Kemler had filed its suit, Wise, the purchaser, conveyed lot 11 to the Deckerts, and lots 12-15 to Naumann. The Deckerts and Naumann filed separate petitions to cancel and remove the memorials of these mechanics' lien claims from the register. The trial court granted each petition, from which appeal was taken. The supreme court concluded that Kemler did not file its notice of a claim for a lien in the time required by section 7 of the mechanics' liens act and therefore did not have a lien as against the Deckerts and Naumann, who were subsequent purchasers for value. (301 Ill. 484, 489.) It held, citing *Von Tobel*, that Kemler's late filing of the notice of its lien claim amounted to no filing at all as against a subsequent purchaser. (301 Ill. 484, 490.) As the filings were ineffectual, the petitioners were entitled to have the Kemler memorials removed. The court recognized that Johnson had timely filed his notice of a claim for lien against lots 12-15, owned by Naumann, in the registrar's office and a proper memorial had been entered. The supreme court concluded, however, that section 84 of the Torrens law in effect at that time required Johnson, within the two-year statutory period for filing a foreclosure suit, to cause a memorial to be entered on the register that such a suit had been filed and was pending in order to bind subsequent

purchasers of the land sought to be charged. (301 Ill. 484, 493.) By failing to so memorialize his suit, Johnson lost his liens. Therefore, the supreme court concluded the memorials of Johnson's liens were properly cancelled. 301 Ill. 484, 493.

██ Two important distinctions between the facts of *Bickel* and the instant case must be noted. First, neither contractor in *Bickel* properly registered a *lis pendens* notice of its foreclosure suit which would bind subsequent purchasers for value who had no such constructive or actual notice. In the instant case plaintiff filed a proper notice of the filing and pendency of its foreclosure suit (commonly designated notice of *lis pendens*) in accordance with Ill. Rev. Stat. 1977, ch. 110, par. 405. Secondly, in *Bickel*, Kemler's suit to foreclose its mechanic's liens in which Johnson intervened was brought against a purchaser and incumbrancers of the property as to whom a timely four-month lien claim or suit had to be filed, and was not brought against the owners of the property with whom Kemler and Johnson originally contracted. In the instant case the only party defendants with an identified interest in the property at the time of suit were the Winemans, the owners with whom plaintiff contracted and against whom suit could be filed within two years. Because the facts are inapposite, *In re Bickel* is not controlling in the instant case. On the record before us, for the purposes of the amended motion to dismiss, the status of the Browns has not been established for any time prior to July 6, 1979. We conclude, therefore, that plaintiff's suit has not been brought against a purchaser or prejudiced the interest of a purchaser as contemplated by section 7 of the mechanics' liens act. (Ill. Rev. Stat. 1977, ch. 82, par. 7.) Accordingly, the four-month filing requirements of section 7 are not applicable and need not be pleaded in plaintiff's complaint.

We would further note that previous decisions have suggested that the proper procedure in mechanics' lien cases is not to dismiss a party on the pleadings for failure to timely file a claim for a lien but rather to adjudicate the matter so that the respective rights of all the parties can be determined in the final decree. In *Lyle v. Rosenberg* (1915), 192 Ill. App. 378, the trial court had sustained a demurrer to the amended, intervening petition of a contractor for a mechanic's lien on the basis that a claim for a lien had not been timely filed. The appellate court reversed, stating:

> "The Mechanic's Lien Act does not deny to a contractor, who comes otherwise under the provisions of the act, a lien because he does not begin his suit or file his notice in time; it merely postpones his claim to those of 'other creditors or incumbrancers' in such a case, and may defeat it altogether against 'purchasers.' This matter of priority must be provided for in a decree on the whole case in

which the * * * petition is filed; but we do not think it necessary to consider it on this question of pleading." (192 Ill. App. 378, 382.) Similarly, in *Leffers v. Hayes* (1945), 327 Ill. App. 440, 451, 64 N.E.2d 768, 772, the court stated that where the defendant's wife was a necessary party the proper procedure was not as the trial court had done, to dismiss her, even on her own objection or motion that she had been joined as a party later than two years following the completion of the contract, but to find and adjudicate her rights in the decree. (But *cf. Anderson v. Gousset* (1965), 60 Ill. App. 2d 309, 208 N.E.2d 37.) As the mechanics' liens act contemplates but one suit for the enforcement of liens in which all interested parties and other lien claimants can be joined so that a final judgment adjusting all the equities involved can be rendered (*Bingaman v. Dahm* (1940), 307 Ill. App. 432, 30 N.E.2d 509), we believe that the considerations expressed in *Lyle* and *Leffers* are instructive in the instant case.

Our opinion is limited only to a determination that plaintiff's complaint on the record before us is sufficient and not subject to the Browns' amended motion to dismiss. We express no opinion as to the facts or result which may be established in further proceedings.

Accordingly, we reverse the order of the trial court dismissing with prejudice plaintiff's complaint as to defendants, Nick J. Brown and Mary L. Brown, and remand the cause for further proceedings.

Reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.