FRANK CASTRO, JR., Plaintiff-Appellant, *v.* CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Defendant-Appellee.

Third District    No. 79-384

Opinion filed January 24, 1980.—Rehearing denied February 28, 1980.

John T. Pierce, Jr., of Pratt, Pierce, Bradford & Gitchoff, Ltd., of East Alton, for appellant.

David R. Aplington and Wayne L. Hanold, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Peoria County against the plaintiff-appellant, Frank Castro, and in favor of defendant-appellee, Chicago, Rock Island and Pacific Railroad Company. Plaintiff brought this action against defendant, his employer, pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. §§51-60 (1976)). The complaint contained three counts, each count alleging a different accident. Defendants answered count III of the complaint and filed a motion to dismiss counts I and II, alleging that plaintiff had signed a release in reference to the accidents in counts I and II, and attaching copies of the purported releases to the motion. Defendant's motion to dismiss was predicated upon section 48(1)(E) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(f)). It is disputed as to whether or not there were affidavits filed in support of the motion, as required by the statute. Plaintiff filed no affidavits in opposition. The court granted defendant's motion to dismiss counts I and II. Plaintiff filed a motion to reconsider the judge's ruling, which was heard and denied. Plaintiff then filed another motion to reconsider the previous decisions. To this motion, plaintiff attached an affidavit in opposition. This motion was heard and denied. Plaintiff then voluntarily dismissed count III of his complaint and filed this appeal in reference to the dismissal of counts I and II. We reverse.

The central issue on appeal is whether or not section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48) is applicable to a FELA action. This statute reads in pertinent part:

> "(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

* * *

(f) That the claim or demand set forth in the plaintiff's pleading has been released * * *.

* * *

(3) If upon the hearing of the motion, the opposite party presents affidavits or other proof * * * establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuinely disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion * * * and shall so deny it if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time."

Plaintiff argues that the FELA gives plaintiffs under the Act the right to a jury trial and that the language in paragraph 3 of the statute, "If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties," violates this right in that it permits a judge to determine controverted questions of fact. Therefore, plaintiff argues, section 48 must be inapplicable in a FELA action. We disagree.

■■ It is a well-established rule that in a conflict of laws case the law of the forum governs matters of procedure. A plaintiff to whom a right of action is given by the FELA has a right to bring his suit in either the Federal or the State court. If he elects to bring it in the State court, the procedure is regulated by State law. (*Taylor v. Southern Ry. Co.* (1932), 350 Ill. 139, 182 N.E. 805.) However, the State's procedure may not be used to defeat a substantive right. We believe that section 48 of the Civil Practice Act cannot be so used.

■■ ■ The plaintiff is entitled to a jury trial under the FELA if there are material facts in controversy. (In the absence of a genuine issue of a material fact, summary judgment may be proper in a FELA case. See *Blaylock v. Toledo, Peoria & Western R.R. Co.* (1976), 43 Ill. App. 3d 35, 356 N.E.2d 639.) Section 48 does not deny plaintiff this right. The statute specifically states that if there is a controversy as to the facts involved in a section 48 motion, then the judge must deny it if the party is entitled to a jury trial and a jury demand has been filed in apt time. Therefore, section 48 cannot be used to deny a party a jury trial, is not violative of Federal law, and may properly be used in a FELA action.

■■ Having held that section 48 is applicable, we now determine if the trial court applied it properly. There is a dispute as to whether or not defendant filed affidavits showing the releases with his motion to dismiss. However, in responding to defendant's motion to dismiss and in subsequent motions for rehearing, plaintiff did not raise the issue of

whether affidavits were filed with the motion. The rule is that if an issue is not timely raised in the trial court, it is deemed waived. (*Smith v. Ashley* (1975), 29 Ill. App. 3d 932, 332 N.E.2d 32.) Since plaintiff did not raise the issue in the trial court, we believe that he waived it, and it cannot now be presented on appeal.

■■ At the time that the trial court ruled on the motion to dismiss, plaintiff had not presented any affidavits or proof obviating the releases. Therefore, the trial court did not err in granting defendant's motion to dismiss. In plaintiff's first motion for a rehearing, there was still no affidavit or proof obviating the releases. Therefore, we believe there was no error in denying plaintiff's first motion for a rehearing.

Plaintiff's second motion for rehearing admitted the releases and contained counteraffidavits which raised controverted questions of fact. We believe that it was an abuse of discretion for the trial judge to deny this motion. In *Dice v. Akron Canton & Youngstown R.R. Co.* (1952), 342 U.S. 359, 96 L. Ed. 398, 72 S. Ct. 312, the Supreme Court emphatically stated that a jury trial is an integral part of the FELA. In *Dice*, an action was brought under the FELA in Ohio and defendant pleaded a release as a defense. Under Ohio law, the plaintiff had to seek equitable relief from the release before enforcing the claim which the release purported to bar. On that ground the trial judge reversed a jury verdict in favor of the plaintiff, saying that, in equity, he was the trier of fact with regard to the validity of the release and that he felt the release was valid. The Supreme Court reversed, holding that the jury was the proper trier of fact. The court stated that trial by jury is " 'part and parcel of the remedy afforded railroad workers under the Employers Liability Act.' " (342 U.S. 359, 363, 96 L. Ed. 398, 404, 72 S. Ct. 312, 315 (quoting from *Bailey v. Central Vermont R.R.* (1943), 319 U.S. 350, 87 L. Ed. 1444, 63 S. Ct. 1062).) Therefore, the court continued, the jury must decide the validity of the release because "to deprive railroad workers of the benefit of a jury trial where there is evidence of negligence 'is to take away a goodly portion of the relief which Congress has afforded them'." 342 U.S. 359, 363, 96 L. Ed. 398, 404, 72 S. Ct. 312, 315.

■■ ■ In the instant case, plaintiff has filed a counteraffidavit which adequately controverts the releases and places their validity in dispute. Plaintiff alleges that he signed the releases solely for the purpose of receiving lost wages for time off due to the accidents. This is adequate to support an argument that there was no consideration for the release. Lack of consideration is a sufficient issue to present a jury question under the FELA. (*Maynard v. Durham & Southern Ry. Co.* (1961), 365 U.S. 160, 5 L. Ed. 2d 486, 81 S. Ct. 561.) Plaintiff also swears in his affidavit that he had no knowledge of the fact that he had a back condition requiring surgery. We believe that this is adequate to create a genuine issue of

mutual mistake of fact, which is a jury question under the FELA. *Taylor v. Chesapeake & Ohio Ry. Co.* (4th Cir. 1975), 518 F.2d 536.

While plaintiff's affidavits might not be as thorough and meticulous as an affidavit required for a summary judgment motion, we believe that it is sufficient to establish the existence of controverted facts in a section 48 motion. This and the strong Federal policy in favor of a jury trial in FELA actions where there is an issue of fact compel us to hold that the trial court's denial of the second motion for rehearing was an abuse of discretion and should be reversed.

After the appellant had filed his brief indicating the record did not include any affidavits filed by appellee pursuant to section 48, the appellee moved for leave to supplement the record by having affidavits included in the record which it alleged were, in fact, filed in the trial court and, for some unknown reason, not included in the record. The appellant objected to such motion and it was taken with the case for decision. In the view we have taken of this case, whether such affidavits were or were not filed is immaterial and consequently the motion is denied.

For the abovementioned reasons, the judgment of the Circuit Court of Peoria County is reversed and remanded.

Reversed and remanded.

STENGEL and SCOTT, JJ., concur.