(No. 53230.—

FRANK CASTRO, JR., Appellee, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed December 1, 1980.—Rehearing denied January 29, 1981.*

Westervelt, Johnson, Nicoll & Keller of Peoria (Wayne L. Hanold and David R. Aplington, of counsel), for appellant.

John T. Pierce, Jr., of Paul L. Pratt, P.C., of East Alton, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The plaintiff, Frank Castro, Jr., filed a three-count complaint in the circuit court of Peoria County against defendant, Chicago, Rock Island and Pacific Railroad Company, under the Federal Employers' Liability Act (FELA) (45 U.S.C. sec. 51 *et seq.* (1976)). The trial court granted defendant's motion to dismiss counts I and II on the basis of release. Plaintiff's motions for rehearing were

denied. The appellate court reversed, finding that the trial court abused its discretion by failing to grant plaintiff's second motion for rehearing. (81 Ill. App. 3d 233.) We granted defendant's petition for leave to appeal.

On February 2, 1977, plaintiff filed his three-count complaint and jury demand. One year later, defendant moved, under section 48(1)(f) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(f)), to dismiss counts I and II on the basis that the plaintiff had executed releases, thereby relieving defendant of liability. Plaintiff made a motion to strike defendant's motion, claiming that section 48 is not applicable in an FELA action as it defeats plaintiff's right to trial by jury. Defendant's motion to dismiss counts I and II was granted. On May 1, 1978, plaintiff filed a motion to reconsider (unauthorized by statute or rule), realleging the same ground previously stated. This motion was heard and denied. On March 13, 1979, almost one year after the original motion to dismiss was granted, plaintiff filed a second motion to reconsider. To this motion was attached the affidavit of plaintiff in which he stated:

> "It was my understanding, when I executed [these documents], that it was solely for the purpose of receiving lost wages for time off due to accidents on the Railroad.
> At no time prior [to the dates of the releases], did I have any knowledge of the fact that I had a condition of the back, which required an operation.

Defendant then moved to strike plaintiff's affidavit claiming that it was insufficient under Supreme Court Rule 191 (73 Ill. 2d R. 191) as it sets forth only conclusions unsupported by allegations of specific facts. Plaintiff's second motion for reconsideration was also denied. Thereafter, plaintiff voluntarily dismissed count III and appealed the dismissal of counts I and II. The appellate court found that plaintiff's affidavit was "sufficient to establish the existence of controverted facts," thereby defeating defend-

ant's motion to dismiss. 81 Ill. App. 3d 233, 238.

Defendant asserts two arguments in support of his claim that the trial court appropriately denied plaintiff's second motion for reconsideration: (1) the filing of the motion and supporting affidavit were untimely in that they were filed almost one year after the original motion was heard; and (2) the affidavit in support of plaintiff's motion was insufficient under Supreme Court Rule 191 to raise any material and genuine question of fact as it contained only conclusions unsupported by allegations of specific facts.

Plaintiff contends that defendant's motion to dismiss was improper in the first instance because a section 48 motion denies plaintiff his federally protected right to trial by jury and, thus, cannot be used in an FELA action. Plaintiff also argues that even if section 48 is appropriate in an FELA case, defendant's motion was, nonetheless, insufficient at law since it failed to meet the requirement that the motion be supported by affidavit.

We first address plaintiff's issue of whether a motion under section 48 may be used in an FELA case. He relies on a portion of paragraph 3 of section 48 in support of his claim that the statute infringes on his right to trial by jury by allowing the court to decide a controverted question of fact. That portion states:

"If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties ***." Ill. Rev. Stat. 1977, ch. 110, par. 48(3).

While in an FELA action, the procedural rules applied are those of the forum, a Federal substantive right cannot be lessened or destroyed by a State rule of procedure. (*Brant v. Chicago & Alton R.R. Co.* (1920), 294 Ill. 606, 616.) The right to trial by jury is an integral part of the rights afforded to workers under the Federal Employers' Liability Act. (*Bailey v. Central Vermont Ry., Inc.* (1943),

319 U.S. 350, 354, 87 L. Ed. 1444, 1448, 63 S. Ct. 1062, 1064.) We do not, however, believe that a section 48 motion infringes upon plaintiff's right to trial by jury in an FELA action. Paragraph 3 of section 48 further provides that the motion shall be denied if a "material and genuine disputed question of fact is raised *** if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time." (Ill. Rev. Stat. 1977, ch. 110, par. 48(3).) Thus, in all civil cases, including those brought under FELA, the court cannot decide material and genuine disputed questions of fact when a jury demand has been appropriately filed. Contrary to the plaintiff's argument, section 48 protects his right to trial by jury.

The plaintiff also argues that the defendant's motion under section 48 is insufficient at law because defendant failed to attach affidavits in support of the motion as required under section 48(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)). Such affidavits were not part of the original record certified by the trial court. However, defendant filed a certified supplemental record in the appellate court containing copies of the affidavits in support of its motion bearing the circuit court stamp showing that they had been filed a week before the motion was heard. This sufficiently establishes that the defendant did, in fact, file supporting affidavits in support of its motion in compliance with section 48(1). We find no merit to either contention raised by plaintiff.

Defendant argues that the trial court appropriately denied the plaintiff's second motion for reconsideration because it was made one year after the hearing on the original motion.

Under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), a judgment which adjudicates fewer than all the claims presented is "not enforceable or appealable and is *subject to revision at any time* before the entry of a judg-

ment adjudicating all the claims." (Emphasis added.) Since count III of plaintiff's action was pending at the time he filed his second motion to reconsider, the court had jurisdiction under Rule 304(a) to revise its order dismissing counts I and II. Although the appropriate procedure would have been for plaintiff to file his affidavit prior to a hearing on the motion to dismiss, the court, nevertheless, retained jurisdiction to entertain the motion. We do not, however, approve of plaintiff's dilatory practice.

Defendant also argues that the affidavit of plaintiff filed in support of the motion to reconsider was insufficient at law as it contained conclusions unsupported by allegations of specific facts.

Supreme Court Rule 191(a) (73 Ill. 2d R. 191(a)) requires that affidavits in support of or in opposition to motions for involuntary dismissal under section 48 of the Civil Practice Act "shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." The affidavit of plaintiff stated that it was his understanding that the releases had to be executed in order for him to receive his back wages. He also stated that, at the time each release was signed, he was unaware of the extent of his injuries. Under Federal law, a release may be attacked on the basis of fraud or lack of consideration. (*Maynard v. Durham & Southern Ry. Co.* (1961), 365 U.S. 160, 161, 5 L. Ed. 2d 486, 487-88, 81 S. Ct. 561, 562; *Dice v. Akron, Canton & Youngstown R.R. Co.* (1951), 342 U.S. 359, 361, 96 L. Ed. 398, 403, 72 S. Ct. 312, 314.) Plaintiff's affidavit presents no facts which he could competently testify to at trial. His "understanding" as to why he executed the releases is only a conclusion. That he was unaware of the extent of his injuries when he received the settlement award does not void the releases. It is only where the affidavit sets forth facts establishing

fraud, lack of consideration or mutual mistake that the plaintiff would be entitled to overcome defendant's motion to dismiss under section 48(1)(f). (See *Blaylock v. Toledo, Peoria & Western R.R. Co.* (1976), 43 Ill. App. 3d 35, 38.) We therefore find that the trial court appropriately refused to grant plaintiff's second motion for reconsideration.

For the reasons stated, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

*Appellate court reversed;*
*circuit court affirmed.*