FRANZEN-PETERS, INC., Plaintiff-Appellant, v. BARBER-GREENE COMPANY, Defendant-Appellee.

Second District  No. 2—86—0926

Opinion filed May 22, 1987.

Thomas W. Fawell and Anthony J. Nasharr III, both of Thomas W. Fawell & Associates, of Oak Brook, for appellant.

William C. Murphy and Joseph C. Loran, both of Murphy, Hupp, Foote, Mielke & Kinnally, of Aurora, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Franzen-Peters, Inc., appeals from the order of the circuit court of Du Page County which denied its motion to reconsider the dismissal of its amended complaint against defendant, Barber-Greene Company, pursuant to section 2—619(a)(6) of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(6)) because the asserted causes of action had been discharged in bankruptcy.

Plaintiff raises the following issue on appeal: whether the trial court erred in determining that the amended complaint should be dismissed pursuant to section 2—619(a)(6) because the claims set forth in the amended complaint were discharged in bankruptcy.

Plaintiff filed a four-count amended complaint against defendant alleging breach of contract, breach of warranty, deceptive trade practices in violation of section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 262) and section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 312), and fraud by defendant in the 1981 sale of an asphalt plant to plaintiff. Defendant moved to dismiss the complaint pursuant to section 2—619(a) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)). It asserted in the motion that although the contract was entered into as alleged, plaintiff filed a voluntary petition for reorganization under chapter 11 of the United States Bankruptcy Code (Bankruptcy Code) (11 U.S.C.A. sec. 1101 et seq. (West 1979)). As a result of this petition, defendant contended, plaintiff lacked the legal capacity to sue because the claims embodied in the complaint were assets of the bankrupt's estate and were never listed or disclosed to creditors as an asset of plaintiff's, that it would be inequitable to allow plaintiff to assert these claims because it failed to disclose these claims to its creditors, and that these claims were satisfied in plaintiff's chapter 11 bankruptcy proceeding.

Additionally, defendant asserted that count III, which alleged fraudulent misrepresentation, was barred by the three-year limitation period of section 10a of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 270a(e)) and should be dismissed pursuant to section 2—619(a)(5) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(5)) and asserted that the complaint was insufficient to state a cause of action as a matter of law (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(a)). No affidavits were attached to this motion. During oral arguments before the trial court, however, defendant, upon the insistence of the trial judge, chose to abandon the section 2—615 portion of the motion to dismiss and to proceed only on the issues raised in the section 2—619(a) portion of the motion. Each party filed memoranda in support of their respective positions, attaching several documents from the reorganization proceeding which included the schedule of debtor's assets and the debtor's plan of reorganization. No affidavits were filed with the memoranda either.

Following the issuance of its June 3, 1986, letter of opinion, the trial court entered an order on June 23, 1986, dismissing the complaint pursuant to section 2—619(a)(6) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(6)). In its letter, the trial court found that these claims were assets of the bankrupt estate, that the description of these claims in the disclosure statement, "lawsuits of unknown value," was not "adequate information" under the Bankruptcy Code, and that it appeared that these claims were discharged in bankruptcy. Additionally, the court found that in view of this decision, it was unnecessary to consider the time limitation argument as to count III.

Plaintiff moved for reconsideration of this order. Attached to its motion were two affidavits attesting to the fact that, contrary to the trial court's conclusions, the claims were adequately disclosed within the guidelines of the Bankruptcy Code, that the claims were disclosed to and dealt with by the creditors so that upon confirmation of reorganization the claims vested with plaintiff, and that the claims were not discharged in bankruptcy. Specifically, Thomas Franzen, president of plaintiff, stated in his affidavit, in pertinent part, that creditors had ample opportunity during meetings to elicit more information concerning the contingent claims, that during the informal meetings of the creditors' committee, the contingent nature of these claims, and specifically the claim asserted herein, were discussed, that during the formal meeting with creditors, questions about claims could have been raised by creditors, and that the disclosure was adequate for the bankruptcy court and the circuit court. Also attached was an order of the bankruptcy judge approving the disclosure statement finding that

it contained adequate information. Defendant replied to the motion arguing that it should be denied because plaintiff failed to raise any new issues and that the affidavits were conclusory, self-serving, unpersuasive, and not timely filed. The trial court denied the motion in a written order without specifying any particular basis for the denial or ruling on the sufficiency of the affidavits.

The contract for sale of the asphalt plant was entered into on October 8, 1981. On October 5, 1984, plaintiff filed a petition for voluntary reorganization under chapter 11 of the Bankruptcy Code (11 U.S.C.A. sec. 1101 *et seq.* (West 1979)). Under the Bankruptcy Code and Bankruptcy Rules, plaintiff was required to file a schedule of assets and liabilities in the bankruptcy proceedings. (11 U.S.C.A. sec. 1125(a) (West 1979); Fed. R. Bankr. 1007(b), 11 U.S.C.A. R. 1007(b) (West 1984).) Plaintiff's schedule of assets included "lawsuits of unknown value." On March 15, 1985, the bankruptcy court entered an order approving the disclosure statement and fixing time for acceptance or rejection of the reorganization plan. (In re Franzen-Peters, Inc. (Bankr. N.D. Ill. March 15, 1985), No. 84 B 12580.) The plan was apparently confirmed in April 1985.

Plaintiff contends that the trial court incorrectly determined that the claims in the amended complaint had been discharged in bankruptcy. In particular, it argues that the claims were adequately disclosed in the context of the bankruptcy proceeding to inform creditors, and defendant, of the existence of the claims, that although these claims were part of the bankrupt's estate during the reorganization proceeding, they vested in plaintiff pursuant to section 1141(b) of the Bankruptcy Code (11 U.S.C.A. sec. 1141(b) (West 1979)) upon confirmation of the reorganization plan, that it is beyond the authority of the trial court to determine that the disclosure was inadequate because the bankruptcy court's determination that plaintiff's disclosure provided adequate information is conclusive on the parties, and that the claims were not adjudicated, released, satisfied, or discharged in bankruptcy, but remained an asset in plaintiff's estate.

Defendant responds that the trial court correctly dismissed the complaint pursuant to section 2—619(a). It asserts that the affidavits which plaintiff relies on to support its claim of adequate disclosure were not filed in opposition to the motion to dismiss, but in support of the motion to reconsider and should not be considered. It also asserts that, even if considered, the affidavits are self-serving and conclusory and do not comply with the supreme court rules. Therefore, based solely on the information in the written disclosure statement, it argues that plaintiff's "cryptic" disclosure was insufficient to meet the

Bankruptcy Code requirements for adequate disclosure of assets to allow the claims to vest in plaintiff simply because the bankruptcy court did not deal with the undisclosed assets, that to allow plaintiff to now pursue the claims would be unjust, and that plaintiff must petition the bankruptcy court for leave to now file these claims because there has been no showing that the claims were abandoned. Defendant also responds that the bankruptcy court's approval does not control the determination of this case as the asset was not "dealt with" by that court.

Plaintiff replies that disclosure does not require an exhaustive recitation of claims, but only a listing in sufficient detail as was reasonably practical, that the affidavits submitted were not contradicted and must be taken as true, that the claims here were as adequately disclosed as was reasonably practical, and that abandonment of the claims is not an issue in this matter as the claims vested in plaintiff upon confirmation of the reorganization plan.

Our analysis of the issue raised by the parties concerning the propriety of the dismissal of plaintiff's complaint pursuant to section 2—619(a) is governed procedurally by the application of section 2—619(a) to the procedures followed below. Section 2—619(a) provides that "[i]f the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit." (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a); see also *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 643, 450 N.E.2d 1360.) In the case at bar, the ground for dismissal does not appear on the face of the pleading. Nevertheless, contrary to the statute, no affidavit was filed by defendant in support of its motion to dismiss. Both parties, however, submitted written memoranda, without accompanying affidavits, which contained arguments based on facts asserted therein and on several documents attached to the memoranda. Pertinent hereto, the debtor's schedule of assets and the debtor's plan of reorganization in the bankruptcy proceedings were included in these documents. Plaintiff also represented in his memoranda that during meetings of the creditors' committee the lawsuits of unknown value were "discussed" and examined.

It is evident that the trial judge improperly considered this motion based on arguments and matters not supported by affidavit. Following the dismissal of plaintiff's complaint, plaintiff filed a motion to reconsider and vacate the dismissal order and attached affidavits to the motion. The affidavit of Thomas Franzen, president of plaintiff, stated, in relevant part in paragraphs 6, 7, and 9, as follows:

"6. That I gave testimony and engaged in discussion before

meetings of the creditors' committee, at which time matters relating to the claims of Franzen-Peters, Inc., against Barber-Greene, Inc., were discussed in detail. That in the course of my testimony before these meetings of the creditors' committee, the existence of claims in the nature of breach of contract, breach of warrenty [*sic*], fraud and misrepresentation were discussed at length, as well as the extent of damages incurred by Franzen-Peters as a direct result of the claims, and the possibility of recovery on said claims.

7. That among the reasons cited by creditors in determining not to pursue the claims of fraud, misrepresentation, breach of contract and breach of warranty against Barber-Greene Company, were the costs of litigation, the possible delay in resolution of the underlying reorganization, the contingent nature of the claims and the likelihood and possibility of recovery.
 \* \* \*

9. That I was personally present in the forum of, meeting of creditors, creditors committee meetings and other proceedings in which Franzen-peters [*sic*], Inc.'s claims against Barber-Greene Company were discussed and commented upon by Franzen-Peters, Inc. its representatives, and various creditors."
The motion was denied without explanation.

■ In the context of the apparent informal and improper way the matter was first presented below without affidavits and not in compliance with section 2—619(a), it was an abuse of discretion not to consider the affidavits later filed by plaintiff. (*Cf. Gelsomino v. Gorov* (1986), 149 Ill. App. 3d 809, 812, 502 N.E.2d 264.) Considering the Franzen affidavit, it is clear that a disputed question of fact is raised as to whether the creditors had adequate information of the instant lawsuit. Additionally, we find that these statements in the Franzen affidavit are not conclusions, but state sufficient specific facts in accordance with Supreme Court Rule 191 (87 Ill. 2d R. 191). Section 2—619(c) provides that "[i]f a material and genuine disputed question of fact is raised the court \* \* \* shall so deny it [the motion to dismiss] if the action is one in which a party is entitled to a trial by jury and a jury demand has been filed by the opposite party in apt time." (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(c); see *Castro v. Chicago, Rock Island and Pacific R.R. Co.* (1980), 83 Ill. 2d 358, 361-62, 415 N.E.2d 365.) The record shows that plaintiff has a jury demand on file. Thus, the trial court should have denied the motion to dismiss, and the matters raised in the motion could be raised in defendant's answer and resolved at trial. Ill. Rev. Stat. 1985, ch. 110, par. 2—619(d).

■ While we recognize that the parties to this appeal have not postured their arguments in the same way as our disposition, both parties essentially dispute whether there was adequate disclosure of the claim asserted in plaintiff's complaint in the bankruptcy proceeding. This squarely presents a disputed factual question on the record before us and cannot be properly disposed of in a motion under section 2—619(a). See *Colley v. Swift & Co.* (1984), 129 Ill. App. 3d 812, 818, 473 N.E.2d 364.

Defendant contends, however, that even assuming that these claims in plaintiff's amended complaint were properly scheduled and disclosed, the dismissal of the amended complaint is still proper because plaintiff failed to petition the bankruptcy court for an order authorizing the abandonment of these assets thereby permitting plaintiff to file these claims on its own behalf. Defendant, relying on *Dallas Cabana, Inc. v. Hyatt Corp.* (5th Cir. 1971), 441 F.2d 865, argues that plaintiff, as trustee in bankruptcy on the assets under chapter 11, cannot fail to assert a cause of action which could benefit the creditors only to later maintain the action for its own benefit unless it can affirmatively demonstrate to the bankruptcy court that it, as trustee, abandoned the cause of action.

■ The disposition of property listed in the bankrupt's estate following the confirmation of the reorganization plan in a chapter 11 proceeding is controlled by statute. Section 1141(b) of chapter 11 of the Bankruptcy Code provides that "[e]xcept as otherwise provided in the [reorganization] plan or the order confirming the [reorganization] plan, the confirmation of a plan vests all of the property of the estate in the debtor" (11 U.S.C.A. sec. 1141(b) (West 1979)) and revests in the owner/debtor all the normal property rights (see *In re Ford* (W.D. Wis. 1986), 61 Bankr. 913, 917; *In re Herron* (W.D. La. 1986), 60 Bankr. 82, 83-84). There is no requirement in the statute that a debtor petition the bankruptcy court for permission to pursue an adequately disclosed claim.

■ *Dallas Cabana* is distinguishable as it involved a trustee's failure to assert a cause of action. Unlike the facts in this case, where plaintiff alleged that it presented the claims to the creditors, who decided that the nature of the claims and the likelihood of recovery were too contingent to pursue at that time and were thereby affirmatively acted upon in the reorganization proceeding by the bankruptcy court, the claims in *Dallas Cabana*, and the cases which followed its approach (see, *e.g.*, *Stein v. United Artists Corp.* (9th Cir. 1982), 691 F.2d 885), did not involve property which was dealt with by the bankruptcy court during the reorganization proceeding. Therefore, it was

determined that property not dealt with by the bankruptcy court could not revert automatically to the debtor as it remained before the bankruptcy court until affirmatively acted upon.

As the trial court found it unnecessary to decide whether count III was barred by the statute of limitations and as the parties have not briefed this issue, we shall not consider the merits here.

For the foregoing reasons, this cause is reversed and remanded.

Reversed and remanded.

LINDBERG, P.J., and UNVERZAGT, J., concur.