SCOTT GETMAN, Plaintiff-Appellant, v. INDIANA HARBOR BELT RAILROAD COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 87—0972

Opinion filed June 30, 1988.

William D. Maddux & Associates, of Chicago (William D. Maddux and Ellen L. Spahr, of counsel), for appellant.

Anna M. Kelly, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Scott Getman, appeals from the trial court's denial of his motion to vacate the summary judgment granted in favor of defendant, Indiana Harbor Belt Railroad Company (hereinafter IHB). Plaintiff brought the underlying action to recover damages for personal injury sustained in a highway grade railroad crossing collision. He named IHB, Belt Railway Company of Chicago, The Milwaukee Road, Inc., and Richard Koehler as defendants. Safetrans Systems Corp., Commonwealth Edison Company, and General Railway Signal Company were later added as defendants. The suit against Commonwealth Edison Company was subsequently dismissed and summary judgment was granted to General Railway Signal Company. However, this appeal is concerned exclusively with the summary judgment granted in favor of IHB.

The trial court granted IHB summary judgment on October 31, 1985, after the completion of discovery. Plaintiff's first motion to vacate the summary judgment was denied on December 15, 1986. Plaintiff filed a second motion to vacate the summary judgment and subsequently, at the hearing, presented the trial court with an amended second motion to vacate to which he attached supporting affidavits. On March 4, 1987, the trial court refused to enter the amended motion, again denied the motion to vacate, and granted plaintiff leave to appeal. Plaintiff appeals from this order.

We affirm.

The record reveals that at about 1 a.m. on April 26, 1981, plaintiff was driving his car southbound on Austin Avenue in Chicago, when he approached the railroad crossing at approximately 59th Street. This crossing involves three railroad tracks. Track 1, the first track approached by southbound traffic, is owned by defendant IHB and at this track are the automatic warning signals for the entire three-track crossing. There is a strip of pavement 45 feet in length between track 1 and tracks 2 and 3, which are owned by Belt Railway Company of Chicago. The warning signals are owned jointly by Belt Railway and IHB and are maintained by IHB.

The Milwaukee Road, Inc., was operating, through its engineer, Richard Koehler, a westbound train on track 2. All parties agree that the warning signals, consisting of flashing red lights and bells, were functioning at the time the Milwaukee train was approaching the crossing. In spite of the warning signal, plaintiff attempted to cross the tracks and was struck by the locomotive on the driver's side of the car. As a result plaintiff sustained serious injuries.

Plaintiff brought an action in negligence against IHB. IHB moved for summary judgment, submitting affidavits in support thereof which stated that the warning signals were properly functioning at the time of the accident. Having no assertion or evidence to the contrary, the trial court granted IHB's motion, finding that there existed no material issue of fact. Plaintiff filed a motion to vacate the summary judgment order, alleging that the warning signals at this crossing had a propensity to malfunction and that, by residing in the vicinity, he was aware that they frequently malfunctioned. The trial court denied the motion to vacate on December 15, 1986.

Thereafter, on January 9, 1987, plaintiff filed a second motion to reconsider and vacate the summary judgment. He realleged that a material issue of fact existed concerning the propensity of the warning signals to malfunction. At the hearing on this motion, plaintiff presented his amended second motion to vacate to which he attached, for the first time, affidavits supporting the assertion that the warning signals were known to malfunction. The trial court did not accept the amended motion and again denied the motion to vacate. Plaintiff appeals, praying for reversal of the trial court's order granting summary judgment in favor of defendant IHB.

■ The first question presented here is whether the trial court erred by denying plaintiff's second motion to vacate the summary judgment order. Our scope of review is limited, as it was in the trial court, to whether, as a matter of law, there existed a genuine issue of material fact. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005.) Our task is to consider the pleadings, depositions, admissions, affidavits and any other evidence that was before the court to determine whether there remained a genuine issue of material fact; if not, the moving party is entitled to a judgment as a matter of law. *Beals v. Huffman* (1986), 146 Ill. App. 3d 30, 36; *Mason v. Caterpillar Tractor Co.* (1985), 139 Ill. App. 3d 511, 516; *Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 540; *Moran v. Aken* (1981), 93 Ill. App. 3d 774, 777.

Plaintiff's complaint alleges that IHB was negligent in maintaining and operating the warning signals at the Austin Avenue grade crossing. In support of its motion for summary judgment, IHB pre-

sented the deposition of the three members of the Milwaukee train crew and the affidavit of another eyewitness to the collision, all confirming that the warning signals were operating at the time of the occurrence.

Plaintiff, in his deposition, stated that he could not remember whether the warning signals were operating at that time. In opposition to the motion for summary judgment he alleged that (1) the warning signals had a propensity to malfunction, sounding bells and flashing lights when no train was approaching or present; (2) he knew of the warning signals' penchant to malfunction; and (3) his knowledge of such had a bearing on his state of mind and conduct.

While a party need not support his summary judgment motion with affidavits, if he does and the party opposing the motion files no counteraffidavits, the well-pleaded material facts in the movant's affidavits stand as admitted. (*Yusuf v. Village of Villa Park* (1983), 120 Ill. App. 3d 533, 541 (and cases cited therein).) Mere allegations cannot prevail over the uncontradicted facts set forth in affidavits submitted by the movant. *Yusuf,* 120 Ill. App. 3d at 541; see also *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380; *La-Monte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 702-03.

Here, IHB presented depositions in support of its motion for summary judgment and an affidavit containing well-pleaded, uncontradicted material facts. Whereas, plaintiff's second motion to vacate the summary judgment was supported only by allegations. Hence, plaintiff's allegations, regardless of their significance or lack thereof, were insufficient to overcome or warrant vacation of the summary judgment and the trial court properly denied the motion.

Plaintiff contends that the affidavits attached to his amended second motion to vacate the summary judgment, if admitted, would have been sufficient to prevail against the summary judgment and that the trial court erred by not granting their admission. While plaintiff's argument is exclusively concerned with the materiality of his proffered affidavits, we believe, as did the trial court, that his dilatory submission of them is pivotal here.

IHB filed its motion for summary judgment on May 5, 1985, directed against plaintiff's second amended complaint. Two months later, plaintiff filed his third amended complaint. IHB elected to stand on its prior motion and directed it towards this complaint. In October 1985, plaintiff responded to the motion, and approximately two weeks later the trial court granted summary judgment in favor of IHB. Shortly thereafter, plaintiff filed his first motion to vacate IHB's summary judgment. After numerous delays and continuances, this motion

was heard and denied in December 1986. Subsequently, on January 9, 1987, plaintiff filed a second motion to vacate IHB's summary judgment and to reconsider the order of December 15, 1986.

■ It was not until the March 4, 1987, hearing on this second motion to vacate, almost two years to the day after IHB initially moved for summary judgment, that plaintiff presented his amended motion with the attached supporting affidavits. The trial court is not required to consider affidavits in opposition to a summary judgment after the order has been entered. (*Mid America Fire & Marine Insurance Co. v. Smith* (1982), 109 Ill. App. 3d 1121, 1124.) Under these circumstances, we cannot help but find that plaintiff was dilatory in presenting these affidavits and that the trial court committed no abuse of its discretion in refusing their admission.

■ For clarification only, we will address plaintiff's contention that his proffered affidavits, if admitted, would have evidenced the existence of a genuine issue of material fact and, thereby, overcome the summary judgment. Plaintiff presented five affidavits—his own and those of four other members of the community—claiming that the warning signals at the Austin Avenue crossing had a propensity to frequently activate when no train was present or approaching. He argues first that these affidavits were admissible as bearing on his state of mind and conduct at the time of the occurrence. He relies on *Frankenthal v. Grand Trunk West R.R. Co.* (1983), 120 Ill. App. 3d 409, as support for this argument.

*Frankenthal* presents a situation factually similar to the instant action in two respects. First, although the warning signals were operating, the decedent attempted to drive across the railroad crossing and was struck by a train. Secondly, testimony was given that the warning signals would frequently activate without the presence of an approaching train. However, there, our consideration of this testimony was in the context of a challenge to jury instructions which, in essence, stated that the warning signals had put decedent on notice of the danger of an approaching train and the need to exercise due care. We stated that, "[w]hile evidence that the gates lower when trains were not crossing was admissible as bearing on decedent's state of mind and conduct, that evidence did not negate decedent's duty to exercise ordinary care and to yield the right of way to the train." (*Frankenthal*, 120 Ill. App. 3d at 414.) Clearly, the instant action is distinguishable by the fact that plaintiff here is not deceased and, therefore, can testify as to his state of mind. However, our point of clarification is not directed toward the admissibility of the affidavits but to whether they evidence a material issue of fact.

Plaintiff asserts that the factual question is raised as to whether the frequent malfunctioning of the warning signals gave him a false sense of security, thus relieving him of his ordinary duty of care. The basis for his proposition can be found in our supreme court's decision in *Langston v. Chicago & North Western Ry. Co.* (1947), 398 Ill. 248.

In *Langston* the railroad company and the State highway department had installed a device which synchronized the traffic light at the intersection just west of the railroad crossing with the crossing's warning signals. Due to the device, when the warning signals were activated by the approach or presence of a train, the traffic signal also turned red. At the time of the occurrence, the warning signals malfunctioned, not activating when a train approached, and, as a result, the traffic signal remained green. Plaintiff proceeded through the intersection and, not having sufficient time to stop, collided with a train that was present on the crossing. Our supreme court affirmed the railroad company's liability based upon the rationale that "[t]he defendant *** undertook, by permitting the synchronizing of the signals at the Skokie highway crossing and at the railroad crossing to invite the public to cross its tracks when the lights were green to the west of the Skokie highway, and to warn the public that it should not cross the tracks when the lights to the west of the Skokie highway were red. The evidence discloses a case where there was an invitation to cross, with an implied assurance of safety." *Langston*, 398 Ill. at 255.

Plaintiff wishes to apply the inverse of this principle to the instant case. The nexus of his argument is that the frequent activation of the warning signals at the Austin Avenue crossing when no train was present or approaching invited him to disregard the warning signals and to cross the tracks. Therefore, he urges there was an implied assurance of crossing safely when the warning signals indicated danger. Thus, he infers that IHB is liable for inducing him into a dangerous situation by operating the warning signals properly at the time of the collision. We do not agree with this logic.

The testimony of the frequent malfunctioning of the warning signals is primarily relevant to the instant case to show that plaintiff's prior knowledge of the malfunction put him on notice that he could not rely on the warning signals as an indicator of the crossing's safety and, therefore, must exercise ordinary care. It is uncontested that the malfunctioning of the warning signals did not cause the collision at issue. No evidence was presented establishing the IHB had acted or failed to act in a manner which obstructed plaintiff's exercise of care for his own safety. Thus, the admission of the affidavits would

not have evidenced the existence of a genuine issue of material fact nor warranted the vacation of the summary judgment.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and McMORROW, JJ., concur.