HENRY HALL, Plaintiff-Appellant, v. FRANK DeFALCO, Defendant-Appellee.

First District (1st Division)    No. 87—2880

Opinion filed December 30, 1988.

Norman H. Small, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Modesto, Reynolds & McDermott, of Chicago (Richard M. Jacobson and Gregory G. Lawton, of counsel), for appellee.

JUSTICE QUINLAN delivered the opinion of the court:

Plaintiff, Henry Hall, appeals the dismissal of his personal injury claim, contending that the circuit court of Cook County abused its discretion in refusing to reconsider and vacate its dismissal order and in refusing to consider plaintiff's counteraffidavit, which was filed after the dismissal order had been entered. We affirm.

The plaintiff, a passenger in the truck that the defendant was driving, sued the defendant, Frank DeFalco, for injuries that he sustained when the truck veered off the road and crashed into a building. The accident occurred on October 8, 1984. At the time of the accident, defendant was manager of a McDonald's restaurant in Winnetka, Illinois. Plaintiff was also a McDonald's employee. The truck veered off the road as defendant was driving plaintiff to an "L" station, after plaintiff had finished his work shift.

As a result of the accident, plaintiff filed a three-count complaint

at law in the circuit court of Cook County. Count I alleged that the defendant was negligent in his operation of the truck and that plaintiff was injured as a direct and proximate result of defendant's negligence. Count III alleged that defendant was wilful and wanton in his operation of the truck and that plaintiff was injured as a direct and proximate result of defendant's wilful and wanton behavior. Count II was directed against Michael Bolling, the owner of the truck that defendant was driving. The trial court granted summary judgment in favor of Bolling on count II. Plaintiff does not appeal that decision.

Defendant filed a motion to dismiss counts I and III pursuant to section 2—619(a)(9) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) and section 5 of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a)). Defendant argued that plaintiff was barred from bringing his action against defendant because plaintiff had received benefits for his injuries under the Workers' Compensation Act, which provides an exclusive remedy to an employee covered under the Act. Defendant contended that his regular duties included driving McDonald's employees to the local train station after their shift had ended and that plaintiff was injured while defendant was acting within the scope of his employment. Accordingly, defendant argued, under section 5 of the Workers' Compensation Act, plaintiff was barred from bringing a common law action.

With his motion to dismiss, defendant filed his own affidavit. In his affidavit, defendant asserted that he was acting within the scope of his employment by transporting a McDonald's employee to local public transportation when the accident giving rise to plaintiff's injuries occurred. Transporting these employees was a regular part of defendant's daily work duties, he stated, and this was done in furtherance of the interests of his employer, the McDonald's Corporation. Furthermore, DeFalco said, the plaintiff here had, in fact, filed a workers' compensation claim against the McDonald's Corporation for the injuries that he sustained in this accident and had received compensation from the McDonald's Corporation for his injuries.

Plaintiff filed a response to defendant's motion to dismiss, arguing that applying for and receiving benefits under the Workers' Compensation Act did not act as a bar to a common law action. Plaintiff did not, however, file any counteraffidavits in support of his response.

The circuit court granted defendant's motion to dismiss, holding that plaintiff's claim was barred by the exclusive remedy provisions of the Workers' Compensation Act. In granting defendant's motion, the court said that the question of whether an injury occurs within or outside the scope of employment becomes a question of law when the

facts of the case are undisputed. In this case, the court noted that defendant's affidavit said that the accident occurred while he was within the scope of employment and that plaintiff failed to counter this affidavit. Hence, the court ruled that in this case the question was one of law and held that DeFalco had acted within the scope of his employment.

Thereafter, plaintiff filed a motion to vacate the dismissal order. Along with his motion to vacate, plaintiff now filed his counteraffidavit, stating that he was not in the course of employment when the accident occurred. The court denied plaintiff's motion to vacate and refused to consider his counteraffidavit. Plaintiff, as noted earlier, has now appealed to this court.

Plaintiff's first argument on appeal is that the trial court abused its discretion when it refused to consider the counteraffidavit that he filed after his case was dismissed. Plaintiff contends that the court should have considered his counteraffidavit because the late filing of the affidavit was not an egregious error and because it would not prejudice the defendant to do so. Defendant, however, contends that the trial court did not err in refusing to consider the plaintiff's affidavit since plaintiff's failure to file his counteraffidavit was the result of a deliberate, strategic decision on his part.

■ The decision to allow a party to file an affidavit after the trial court has ruled on a section 2—619 motion to dismiss or on a motion for summary judgment is within the trial court's discretion. (*Wells v. Great Atlantic & Pacific Tea Co.* (1988), 171 Ill. App. 3d 1012, 1016, 525 N.E.2d 1127, 1130; *City of Chicago v. Sievert Electric Co.* (1985), 134 Ill. App. 3d 552, 555, 481 N.E.2d 1, 3.) The trial court's refusal to allow a plaintiff to file additional affidavits does not constitute an abuse of discretion where the plaintiff has been given ample opportunity to prepare and file any affidavits or documents to support his opposition to the defendant's motion. (*Wells*, 171 Ill. App. 3d at 1016, 525 N.E.2d at 1130.) The trial court in this case refused to consider the plaintiff's counteraffidavit here, stating that the plaintiff had had ample opportunity to file a timely counteraffidavit and had simply chosen not to file one. In addition, the court observed that the plaintiff failed to give the court a reasonable explanation for his failure to file previously.

■ We find that the trial court did not abuse its discretion by refusing to consider plaintiff's counteraffidavit. Plaintiff's only explanation for not filing before the hearing on defendant's motion to dismiss was that he did not feel a counteraffidavit was necessary at that time. Furthermore, plaintiff admits that the information contained in

his affidavit was not newly discovered evidence or information that was previously unavailable to him. As defendant correctly notes, this was a strategic decision on plaintiff's part. The mere fact that plaintiff's strategy failed does not provide a sufficient explanation for allowing a late filing. Accordingly, we agree that no reasonable explanation was offered concerning why plaintiff's affidavit could not be timely filed and find that the court acted within its discretion in refusing to consider plaintiff's counteraffidavit.

Plaintiff asserts that *Castro v. Chicago, Rock Island & Pacific R.R. Co.* (1980), 81 Ill. App. 3d 233, 401 N.E.2d 5, supports his claim that the trial court abused its discretion in dismissing his claim and in not considering his counteraffidavit. Plaintiff states that the appellate court's decision in *Castro* provides "clear authority for this Court's reversal of [the trial court's] order" dismissing plaintiff's amended complaint and refusing to consider plaintiff's counteraffidavit. This reliance is misplaced. The appellate court decision in *Castro* was subsequently reversed by the Illinois Supreme Court. (*Castro*, 83 Ill. 2d 358, 415 N.E.2d 365, *cert. denied* (1981), 452 U.S. 941, 69 L. Ed. 2d 956, 101 S. Ct. 3086.) The supreme court's decision is consistent with our interpretation of the law and facts in the present case, especially since the court in *Castro* expressed its disapproval of that plaintiff's "dilatory practice" in filing its affidavit after a hearing on a motion to dismiss. *Castro*, 83 Ill. 2d at 363, 415 N.E.2d at 368.

Plaintiff's second argument on appeal is that the trial court erred, as a matter of law, in granting defendant's motion for dismissal and in refusing to vacate the dismissal. The plaintiff contends that the trial court's order was legally erroneous for several reasons. First, plaintiff argues that dismissal was improper because reasonable men could draw different inferences from the facts of the case. According to plaintiff, a reasonable person could infer that he was not in the scope of employment when the accident occurred since he had officially checked out of work before he got into the truck, the defendant did not show that plaintiff was required to accept a ride with him, and a reasonable person could infer that the ride was a mere courtesy and not within the scope of defendant's employment.

Plaintiff's allegation that reasonable men could draw different inferences is without merit. When facts alleged in an affidavit are not contradicted by a counteraffidavit, those facts are taken as true. (*Getman v. Indiana Harbor Belt R.R. Co.* (1988), 172 Ill. App. 3d 297, 300, 526 N.E.2d 557, 559; *Mutschler Kitchens of Chicago, Inc. v. Wineman* (1981), 95 Ill. App. 3d 728, 734, 420 N.E.2d 672, 677.) A party's failure to challenge affidavits in support of or in opposition to a

motion to dismiss constitutes an admission of those facts. (*Getman,* 172 Ill. App. 3d at 300, 526 N.E.2d at 559.) In this case, defendant's affidavit clearly states that transporting plaintiff and other employees was within the scope of employment and was part of defendant's daily job, and that the accident and any injuries sustained in the accident occurred within the scope of employment. Plaintiff did not allege any facts to support his claim that the ride may have been considered a mere courtesy. In addition, the fact that plaintiff had punched out of work and the fact that defendant did not show that plaintiff was required to ride with him does not create an inference that the accident occurred outside the scope of employment, particularly in light of the clear facts to the contrary. Mere allegations cannot prevail over the uncontradicted facts set forth in affidavits submitted by the movant. (*Getman,* 172 Ill. App. 3d at 300, 526 N.E.2d at 559.) Accordingly, we find that the trial court properly found that there were no issues of fact in this case.

Inasmuch as there were no disputes of fact or different inferences to be drawn from those facts, the question of whether the injury arose out of or in the scope of employment was one of law. (*Newgard v. Industrial Comm'n* (1974), 58 Ill. 2d 164, 170, 317 N.E.2d 524, 528.) Plaintiff, however, contends that even if there was no issue of fact, the trial court's dismissal of the case was erroneous because the legal issue of whether his injuries arose out of and in the course of his employment could not be conclusively determined at the dismissal hearing.

■ Generally, an accident occurring while an employee is traveling to or from work is not considered as arising out of or in the course of employment. (*Hindle v. Dillbeck* (1977), 68 Ill. 2d 309, 318, 370 N.E.2d 165, 169; *Stevenson Olds Sales & Service v. Industrial Comm'n* (1986), 140 Ill. App. 3d 703, 705, 489 N.E.2d 328, 330; *Sloma v. Pfluger* (1970), 125 Ill. App. 2d 347, 356, 261 N.E.2d 323, 327; *Sjostrom v. Sproule* (1964), 49 Ill. App. 2d 451, 460, 200 N.E.2d 19, 24, *aff'd* (1965), 33 Ill. 2d 40, 210 N.E.2d 209.) An exception to this rule exists, however, where an employer provides a means of transportation to or from work or has done an affirmative act in supplying an employee with something in connection with going to or coming from work. *Hindle,* 68 Ill. 2d at 320, 370 N.E.2d at 169; *Sjostrom,* 49 Ill. App. 2d at 460-61, 200 N.E.2d at 24.

■ In this case, defendant's affidavit, which was uncontradicted and, hence, must be accepted as true (*Getman,* 172 Ill. App. 3d at 300, 526 N.E.2d at 559), stated that the transportation of McDonald's employees to the local train station was done in furtherance of the policy of his employer, the McDonald's Corporation, and that this transporta-

tion was provided on a daily basis. These facts, therefore, fell within the exception to the general rule because the McDonald's Corporation had performed an affirmative act in providing its employees with a means of transportation to or from work. Although plaintiff cites numerous cases when an employee was injured in an accident on the way to or from work where it was held that the accident occurred outside the scope of employment, plaintiff here has failed to provide any facts to show that those cases were applicable to his case or that the exception to the general rule did not apply for some other reason. Accordingly, we find that the trial court properly determined, as a matter of law, that plaintiff's injury arose out of or in the scope of employment, and thus, the trial court did not err in granting defendant's motion for dismissal.

Plaintiff finally alleges that the trial court improperly granted dismissal based on its finding that plaintiff's claim was barred by the Workers' Compensation Act. Plaintiff argues that mere receipt of workers' compensation benefits is not determinative of whether an injury arose out of and in the course of employment.

■ While such an argument may have merit in other settings, we find this allegation to be without merit here. The workers' compensation statute clearly provides that it is an exclusive remedy. In addition, the Illinois Supreme Court has specifically held that an employee who chooses to receive compensation under the Workers' Compensation Act cannot then bring an action against a coemployee for civil damages. (*Fregeau v. Gillespie* (1983), 96 Ill. 2d 479, 486, 451 N.E.2d 870, 873; *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 241, 408 N.E.2d 198, 204.) As the court explained in *Collier*, "where an employee injured by a coemployee has collected compensation *** under the [Workers' Compensation] Act, the injured employee cannot then allege that those injuries fall outside the Act's provisions." (*Collier*, 81 Ill. 2d at 241, 408 N.E.2d at 204.) This is precisely what the plaintiff in this case is seeking to do. Here, the plaintiff was receiving workers' compensation benefits at the time he instituted the present suit. Therefore, the trial court correctly held that plaintiff's action was barred by the Workers' Compensation Act and did not err in dismissing plaintiff's cause of action for this reason also.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MANNING and O'CONNOR, JJ., concur.